UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40198-RWZ

OLADAYO OLADUKUN

v.

DAVID L. WINN

MEMORANDUM OF DECISION

August 16, 2005

ZOBEL, D.J.

  Petitioner Oladayo Oladukun, while incarcerated at Federal Medical Center Devens ("FMC Devens"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He relies on five grounds. Two of these claim cruel and unusual punishment by respondent, while the other three allege denials of due process. First, petitioner asserts that respondent inappropriately held him in isolation for 120 days after a gang assault occurred in the prison and then placed him temporarily in the same recreation cage and visiting room with another prisoner who allegedly attempted to murder him. The conduct underlying this incident resulted in Incident Report Number 1238464 and petitioner's loss of 27 days of good-time credit. Second, he contends that respondent employed retaliatory tactics, harassment, prejudice and racism in handling petitioner's complaints, and described these in Remedy Request Case Number 348808-F1. Third,

---

[1] Since the filing of this action, petitioner has been transferred to FCI Petersburg in Virginia. However, as the petition was properly filed in this district, this Court retains jurisdiction to decide the pending motions as well as the merits of the case.

petitioner complains that respondent failed to file his administrative papers seeking appeals and remedies from his present circumstances. No incident report or remedy request appears to correspond to this ground. Fourth, petitioner challenges restrictions on his access to the law library, his personal property and meals compatible with his religious beliefs, by filing Remedy Request Case Numbers 352833-R1 and 341359-F1. Lastly, petitioner contests respondent's disallowance of seven days of good-time credit as a consequence of his refusal to accept a particular inmate as his cell mate. Incident Report Number 1261968 and Remedy Request Case Number 356361-R1 resulted.

Respondent now moves to dismiss all counts on the basis that petitioner has failed to exhaust his administrative remedies as to any of the five claims contained in the petition.[2] An appropriate determination of exhaustion first requires proper characterization of petitioner's claims. Grounds 2, 3 and 4, regarding respondent's alleged deprivation of petitioner's civil rights as a federal inmate, state claims for relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), while grounds 1 and 5, regarding the disallowance of days for good-time credit, properly state claims for habeas relief under 28 U.S.C. § 2241. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990)(holding "to the extent [petitioner] challenges the fact or duration of his

---

[2] Respondent attached an Administrative Remedy Generalized Retrieval listing to its motion as evidence of petitioner's participation in the BOP administrative remedy program. See Resp. Mot. to Replace Incorrect Exh. Doc., Doc. 1q. This listing is of limited use, however, because respondent included no explanation of the fields in the listing, and the dates for various incidents and remedy requests do not consistently correspond to dates cited by respondent in the memorandum supporting its motion.

confinement, the district court should have construed [petitioner]'s complaint as a petition for habeas corpus under 28 U.S.C. § 2241," and "[t]o the extent [petitioner]'s complaint seeks damages for civil rights violations, his complaint is construed as a Bivens action."). See also, Kane v. Winn, 319 F. Supp. 2d 162, 213-215 (D. Mass. 2004).

The exhaustion provision of the Prison Litigation Reform Act of 1995 (the "PLRA"), set forth at 42 U.S.C. § 1997e(a), governs Bivens actions and requires their dismissal if filed prior to exhaustion of administrative remedies. See Porter v. Nussle, 534 U.S. 516, 524 (2002)(ruling that "[o]nce within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory . . . Thus federal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). See also, 42 U.S.C. § 1997e(a). Thus, a prisoner who files a non-exhausted Bivens action may not preserve the action by resurrecting it after exhausting the administrative remedies. As to the grounds properly filed for habeas relief, grounds 1 and 5, "[o]nce administrative remedies are exhausted, . . . prisoners may then seek judicial review of any jail-time credit determination, . . . by filing a habeas petition under 28 U.S.C. § 2241." Rogers v. U.S., 180 F.3d 349, 358 (1st Cir. 1999). The Bureau of Prisons ("BOP") administrative remedy program provides that "an inmate shall first present an issue of concern informally to staff" for an attempt "to informally resolve the issue" in compliance with procedures established by each prison's Warden. 42 C.F.R.

§ 542.13. If informal resolution is unsuccessful, the prisoner may file a formal complaint with a staff member who is designated to receive administrative remedy requests. See 42 C.F.R. § 542.14. The prisoner may appeal the outcome of this complaint to the appropriate Regional Director and, following an unsatisfactory response, may seek further – and final – review by the BOP General Counsel. See 42 C.F.R. § 542.15.

      Petitioner properly seeks habeas relief on the basis of grounds 1 and 5 but offers no evidence that he exhausted either claim. With respect to ground 1, he admits that he "has not exhaust [sic] his remedy of this incident report 1238464 which is due today," but argues that "respondent are [sic] going to find a way to impede the final stage of the appeal" and "it fruitless [sic] wasting the petitioner [sic] stamps to seek justice when the process is been [sic] impeded." Pet. Mot. Opp. Gov't Mot. to Dismiss, p. 11. Petitioner implies that pursuing final review of this ground will be futile. However, while "[t]he obvious futility of any administrative remedy would excuse the failure to exhaust," petitioner "bears the burden of demonstrating the futility of administrative review." U.S. v. Catalan-Roman, 329 F. Supp. 2d 240, 251 (D. Puerto Rico 2004); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). He provides no evidence to meet this burden. Without some indication that the BOP administrative process offers no genuine potential remedy, the factual basis for a claim of futility remains unclear and the argument for futility is unpersuasive. With respect to ground 5, petitioner contends that he exhausted the available BOP administrative remedies, because he mailed the

4

final appeal for Incident Report Number 1261968 and Remedy Request Case Number 356361-R1 on November 28, 2004. See Pet. Mot. Opp. Gov't Mot. to Dismiss, p. 6. Even accepting his contention on its face, he filed the appeal too late – after the commencement of the instant action – to exhaust this ground.

However, because these grounds 1 and 5 for habeas relief are not subject to statutory mandatory exhaustion and the status of appeals for disallowance of good-time credit is not clear on the present record, the court will not presently dismiss them. Instead, petitioner may amend his complaint to remove the unexhausted Bivens claims set forth in grounds 2, 3 and 4, and upon exhaustion of the BOP administrative process for these grounds, file an amended complaint that addresses the claims for good-time credit. See Rose v. Lundy, 455 U.S. 509, 520 (1982)(ruling that "prisoners who . . . submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims."). In other words, petitioner may pursue his claims for the 34 total days of good-time credit upon a showing that he has exhausted the BOP administrative process for both grounds, after which he may file an amended complaint based on the record developed through that process. If petitioner, as he suggests, missed the BOP appeal deadline for ground 1 and cannot exhaust this claim, respondent's motion to dismiss must be granted as that ground. Otherwise, petitioner shall notify the court by September 9, 2005, of his intent to exhaust these claims and include evidence of active BOP appeals. Thereafter, petitioner shall report to the court by the end of each month regarding the status of his BOP appeals and, when the claims are fully exhausted, file an amended complaint. If

5

petitioner fails to satisfy these conditions, grounds 1 and 5 will be dismissed.

Petitioner asserts full exhaustion with respect to ground 2 regarding alleged retaliatory tactics, harassment, prejudice and racism by respondent. For that ground, involving Remedy Request Case Numbers 348808-F1 and 352833-R1, he claims to have requested final review by the BOP General Counsel using certified mail on October 31, 2004. See Pet. Mot. Opp. Gov't Mot. to Dismiss, p. 4. In support of this claim, petitioner provided a tracking number, 70041160000701403592, for this mailing. See id. An online search of the United States Postal Service database indicates that the mail was delivered at 8:07 a.m. in Washington, D.C. 20534, on November 8, 2004, and signed for by "S Jackson." See http://www.usps.com (follow "Track & Confirm" hyperlink; then enter the full tracking number and press "Go"). Petitioner would not have obtained a final determination and exhaustion of this ground before November 8, 2004 or, more importantly, prior to the filing of the instant petition on September 29, 2004. Ground 2 therefore fails to satisfy the statutory requirement for mandatory exhaustion under the PLRA as applied to Bivens actions and, thus, must be dismissed.

None of the incident reports or remedy requests discussed by petitioner and respondent appear to address the facts underlying ground 3. Petitioner neither argues exhaustion of this ground nor points to a specific report or request reflecting it. Because the record contains no evidence that petitioner has pursued any BOP administrative remedies for this ground, it is dismissed for non-exhaustion.

Petitioner claims to have appealed ground 4 regarding Case Number 352833-R1 as early as September 20, 2004, but had not yet received any response as of the filing

6

of his Opposition to Respondent's Motion to Dismiss on December 28, 2004.  See Pet. Mot. Opp. Gov't Mot. to Dismiss, p. 11.  He makes no claim for exhaustion of Case Number 341359-F1.  Ground 4 must also be dismissed under the PLRA.

Accordingly, the petition for relief under <u>Bivens</u> and writ of habeas corpus (#1 on the docket, plus the amendments set forth in #3) is denied for failure to exhaust as to grounds 2, 3 and 4.  Judgment on the remaining grounds 1 and 5 is reserved pending petitioner's decision on whether to amend his complaint in accordance with the terms set forth above.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |