United States District Court
District of Massachusetts

OLADAYO OLADOKUN

vs.                                    Civil Action No: 04-40198-RWZ

DAVID L. WINN

Petition Motion To (Amend) Ground 1 And Ground 5, And To (Amend) Ground 2, 3, 4 To Be Removed from the Civil Action 28 U.S.C 2241

Comes Now, the Petitioner, Oladayo Oladokun, acting, Pro-se, respectfully move this honorable court to grant the petitioner motion to amend his pend remain issue of the petitioner habeas corpus. The petitioner request that this honorable court move forward with the ruling on Ground 1 and 5, due to the fact petitioner has exhausted his final administrative remedy on the following Grounds:

The petitioner would like the following documents to be included in the court decision in the pending 28 U.S.C 2241 has exhibit for the requirement of exhaustion of his remedy on Ground 1 and 5.

On Ground 1: Incident Report 1238464, which resulted in Appeal number 359103-A1 was

(1)

denied on MARCH 22, 2005. Therefore, on Ground 1 issue petitioner has exhausted his Remedy. So petitioner pray that this honorable court grant the petitioner motion to restore his 27 days loss of goodtime taken by the Respondent, because the respondent arguement for Code (201) for fighting several inmates is insufficient, which was later change too (299) disorderly of instution.

On Ground 5: The petitioner has also exhausted his Remedy Appeal number 356361-A1 for disallowing 7 day of good time, when petitioner was forced to be housed with mentally unstable inmates whom made sexual advance at the petitioner, which the inmate was purposely place in petitioner cell to harras. This appeal was denied Febuary 18, 2005. Therefore this issue has also been exhausted.

The petitioner pray the honorable court remove the Bivan action claim by amend Ground 2, 3, 4 to be removed, even though the petitioner has also exhausted Ground 2. Regardless, the petitioner request that his motion be granted on Ground 1 and 5 under 28 U.S.C 2241, because this was not the petitioner intention to file a Biven action at this time.

In conclusion, the petitioner pray that the Ground 1 and 5 is amended and Ground 2, 3, 4 to be removed from this habeas corpus

(2)

```
              EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY
```

*Assault*

```
DATE: MARCH 5, 2005




FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : OLADAYO ADELEKE OLADOKUN, 21480-037
      PETERSBURG MED FCI    UNT: C    QTR: C01-917U




ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID        : 359103-A1
DATE RECEIVED    : JANUARY 11, 2005
RESPONSE DUE     : MARCH 12, 2005
SUBJECT 1        : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2        :
INCIDENT RPT NO: 1238464
```

*Ground 1*

U.S. Department of Justice  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

(SEE ATTACHMENT B)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: OLADOKUN, OLADAYO A.   21480-037   GB-UNIT-SHU   FMC DEVENS
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** Appealing I/R 1238464. The Region Director erred and the D.H.O Findings cannot support any evidence of the incident report changed from (201) fighting any person, which petitioner first was charged with fighting eighth inmates. Then changed abruptly in mid hearing to (299) conduct which disrupt the orderly running of the institution, due to violation of disciplanary hearing procedure failure to call new witness favorable to refute the New Code (299) according 28 C.F.R 541.17. The reason been is on May 30, 2004 while in the common area talking to inmate Santana-Nelson-Rios, trying to disolve the incident between inmate Cdelo and inmate Alphonse in. The petitioner was attacked by several inmate from behind, hit in the head with pillow case full of stones and rocks.

Dec 23, 2004   The petitioner immediately hit    Oladayo Oladokin
DATE                                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

                                    GENERAL COUNSEL
                                    CASE NUMBER: 357103 A1
                                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                          BP-231(13)
                                                                 APRIL 1982

4

ATTACHMENT "B" The floor and blackout was on unconscious, while on the floor, petitioner was held on the floor beaten with lock in the socks, broom, kicked with steel toe boots, while the petitioner was on the floor. Which I couldn't feel any part of my body. All I remember is there was a lot of commotion on top of me which I later foundout from witnesses it was inmate EDDO REG# 50350-053 preventing inmate Alphonse-Rios 10956-052 from delivering a deadly blow to my head with the pillow case full of rocks and stones. When I finally regain feeling to my body I jump up and ran out of fear and dellusion got a mop wringer. Which I put down immediately in front of the desk when you first come in the unit. I didn't chase anyone, nor go further into the Unit T.V. Room, any of the Ranges to look for anyone has the D.H.O claimed. D.H.O further instrumenting the rest of the conspiracy to cover up the Institution negligence for lack of security, because I never went into the common area with this mop wringer. This is totally a "lie" and a very "big" lie at that. The central office need to request the hire footage of this attempt of murder. The petitioner is not making excuse, by he has the right to life, when over 12 inmates was trying to take his life. Therefore this incident reports should be vacated and my goodtime restored due to the fact the petitioner was able to call new witness to refusted the New Change Charge (299) code in the interest of justice.

Administrative Remedy No. 359103-A1
Part B - Response

You appeal the November 8, 2004, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Conduct Which Disrupts or Interferes With the Security or Orderly Running of the Institution (code 299) most like Threatening Another With Bodily Harm or Any Other Offense (Attempting/Planning) (code 203A); Fighting With Another Person (Attempting/Planning) (code 201); and Assaulting Any Person (Attempting/Planning) (code 224). Specifically, you contend the change in the offense code was inappropriate and that witnesses favorable to your case were not permitted. You request expungement of the incident report.

Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.

The DHO provided, in Section V of the DHO report, a comprehensive description of the specific evidence relied upon to support the determination that you committed the prohibited act. Program Statement 5270.07 provides that "the DHO shall find that the inmate either: committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report; or did not commit the prohibited act charged or a similar prohibited act if reflected in the incident report." The description of the incident report contains adequate information to support the DHO's conclusion that you committed a violation of code 299 most like 203A, 201A and 224A. You were advised that the DHO was considering the 299 offense a week prior to the hearing. The DHO reviewed the written statement of each requested witness and determined that since they did not have information directly relevant to the charge, their appearance was not warranted.

During our review, an error was noted in Section V, paragraph 2 of the DHO report, where a reference to code 201 remains when it should have been changed to reflect the revised code 299 offense. This error is being corrected and a replacement page is being forwarded to you.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

March 22, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

```
                    RECEIPT - ADMINISTRATIVE REMEDY




DATE: DECEMBER 23, 2004



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : OLADAYO ADELEKE OLADOKUN, 21480-037
      DEVENS FMC    UNT: G UNIT    QTR: Z04-423LAD



THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 356361-A1
DATE RECEIVED   : DECEMBER 6, 2004
RESPONSE DUE    : JANUARY 15, 2005
SUBJECT 1       : DHO APPEAL - PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO: 1261968
```

*VALETINE*

*Ground 5*

U.S. Department of Justice  Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including attachments must be submitted with this appeal.

From: __OLADOKUN, OLADAYO A__    __21480-037__    __SHU-G-Unit__    __FMC Devens__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL  1) The UDC Committee violated due process when serve this incident report over three days according 541.15(c) C.F.R. which the DHO was aware of this violation occur, they fail to get a waiver from the Warden, that authorize the extension 2) Yes, there was plenty of day on which informed staff during the disciplinary proceeding that this inmate posed a safety concern to me on Sept 13, Sept 14, Sept 15 which I express my concern, the DHO "states did this inmate touch me" which I told him, This inmate walk around the Room Naked, and makes sexual advances. 3) Yes staff members officer's Barsih, Powers, S. Whitten, and Mathavis laugh at me when I told them of my concern, on the day that This Inmate was placed in my cell Sept 13, 2004

__November 28, 2004__  "Attachment B"    __Oladayo Oladokun__
DATE    SIGNATURE OF REQUESTER

Part B—RESPONSE

[RECEIVED DEC - 6 20__ stamp]

_____    _____
DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __356361-A1__

---

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN    BP-231(13)
APRIL 1982

"ATTACHMENT B"

THIS SAME OFFICERS THREATEN ME WITH BODILY HARM IF I DIDN'T ACCEPT THIS INMATE IN MY CELL WHEN IN FACT I ALREADY HAVE A CELLMATE DAVID OAKES. 4) THEREFORE, THIS STAFF MEMBERS DID INTENTIONALLY PLACE THIS INMATE TO CAUSE HARRESSMENT. THE question here is why AFTER 5 months in segregation would I refuse a cellmate? PETITIONER DIDN'T Refuse cellmate BEFORE. Even, when petitioner is trying to secure his safety, it should be This institution number one concern that I be safe, due to the fact petitioner almost gotten killed on May 30, 2004 from assault and battery with weapon. Even under the bureau of prison policy 28 C.F.R 541.23, it is a proven fact that if an inmate is a victim of gang assault, he should be house alone/Rec alone, which mean proctective custody. Wherefore, for This reason above incident report #126196S must be vacated, and dismiss, petitioner good time restored. Petitioner was not suppose to be housed with anyone period. Not to mention an unstable inmate with mental problem.

Administrative Remedy No. 356361-A1
Part B - Response

You appeal the DHO's decision of September 23, 2004, for Conduct which Disrupts the Orderly Running of the Institution, Code 399 (most like 306 and 307). Specifically, you contend that you were not notified nor was the UDC hearing held in a timely manner. You further contend that you provided evidence during the DHO hearing that the inmate placed in you cell was mentally unstable. As relief, you request that the incident report be expunged.

Our review reveals substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*. This P.S. states that the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Accordingly, we find that the DHO detailed in Section V of the DHO report the specific evidence relied upon to support a finding that you committed the prohibited act of Conduct which Disrupts the Orderly Running of the Institution, Code 399 (most like 306 and 307), and we agree that it is reasonable to make that finding. Furthermore, we find that Section 11 of the incident report adequately describes the prohibited act, contrary to your assertion. As to the charge, P.S. 5270.07 states that the DHO may find that you committed a similar prohibited act that is reflected in the incident report. In your case, the DHO found that the description of your behavior as contained in Section 11 matched Code 399 (most like 306 and 307), and we agree with his finding. As to your receipt of a copy of the incident report, P.S. 5270.07 requires that staff give an inmate notice of the charges by delivering the incident report **ordinarily** within 24 hours of the time staff became aware of the inmate's involvement in the incident. Staff became aware of your involvement in the incident on September 14, 2004, at 8:50 PM, and you received your notice of the charges on September 15, 2004, at 12:35 PM. Your UDC hearing was held on the third working day after you received this incident report. Finally, we do not find any evidence that you informed staff that the inmate posed a safety concern to you or that staff intentionally placed this inmate in your cell to cause you harm. Therefore, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy. Your appeal is denied.

_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals