UNITED STATES DISTRICT COURT

DISTRICT OF BOSTON, MASSACHUSETTS

OLADAYO OLADOKUN

PLAINTIFF

VS

DEFENDANT

DAVID L. WINN, WARDEN

CIVIL ACTION

NO: 04-40198-RWZ

## PETITIONER'S MEMORANDUM GROUND 1 AND 5

PETITIONER, WHOM RESPECTFULLY MOVE THIS HONORABLE COURT TO ADDRESS HIS TWO ISSUES ON IT MERIT OF CONSTITUTIONALLY VIOLATIONS THAT OCCUR AT THE FEDERAL PRISON MEDICAL CENTER IN DEVENS ON MAY 30, 2004, WHICH CARRY ON THROUGH OUT THE PROCESS OF THE INVESTIGATION DEALING WITH VARIOUS INCIDENTS IN ISOLATION INSTANCES. THE PETITIONER WOULD NOT BE REPETITIOUS TO THE COURT ON THIS ISSUES. THE PETITIONER WOULD ARGUE NOW THAT HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDY ON GROUP 1 AND GROUND 5 ACCORDING TO 42 C.F.R 542.13, 42 C.F.R 542.14 AND 42 C.F.R 542.15 OF THE BUREAU OF PRISON POLICY WHICH BOTH GROUND WAS DENIED ON ALL THREE LEVEL OF BUREAU APPEAL PROCESS

Therefore, the petitioner has satisfy the requirement to move this honorable court to address his habeas corpus under 28 U.S.C. 2241. On this following issues the petitioner prays that his 34 day good-time that was illegal disallowed should and must be restored by the respondent because it was unconstitutionally disallowed by the Respondent.

On Ground 1: The respondent the petitioner was fighting over Eight inmates on May 30, 2004 in the housing unit when the camera would say otherwise that on this very day the Respondents and the captain of security of this institution was negligent in There Responsibility look for a way out of this negligence of the attempt of murder on the petitioner and inmate Eddy whom was beaten and severly cut with a Razor several inmates The petitioner contends there was several violation in the way the investigation was conducted and also the disciplinary process was conducted, At first, the Respondent issued incident Reports to all party involve in the incident as a group fight, After viewing the vedio tape, the Respondent found out it would be hard to explain, that how can two defenseless inmates fight over 8 inmates with Razor and pillowcase full of Rocks has weapon. After the petitioner was badly hit in the head knock out, inmate Eddy was held by several of this inmates in a cell almost stone him to death. The petitioner complaint vigrously that this was an injustice been practice in this investigation especially lack of security, due to the unit was unattended by any officer. After, the issurance of the incident Reports, the petitioner was interview by his unit team in regard of whom he would be calling to testify on his behalf that petitioner was not fighting with anyone. Petitioner provided his unit team with the names of the inmates whom would attest

(2)

or would come and testify to the fact that the Petitioner was not Fighting, but was instead was Attacked from behind with pillowcase full of Rocks. (Please Request Footage). Instead, the Respondent through intimidation of abuse of power and government position by coerce witnesses to attest to Fighting, when it clearly an assualt, this information was reaveled after the investigation by inmates Instead, Respondent manipulated the whole process to secure favorable statement that would support petitioner contention. Though, Respondent secure meaningless testimony of written statement in Respondent words, instead of the witness themselves about assualt, instead was about a fight. Which petitioner witness was not allowed At this hearing in there own words, but instead Respondent provide halfwritten statement which fail to Aide the Petitioner At this cover up hearing, because on the Day of the Disciplinary hearing it was now decides that the petitioner was not fighting anyone, but instead was charge with disorderly conduct, disorderly Runing of institution, petitioner charge was now chaeged from (Code 201 for fighting any person) not People. Change to code (299) Disorderly Runing of institution in Mid-hearing At which time Petitioner Requested new witnesses to Refute this new code charged. The Petitioner was Denied witnesses favorable to Petitioner by the Respondent and disciplinary officer D. Bracey. This two issues of witness tampering and witnesses denied is a violation of the Petitioner sixth Amendment Right to have witnesses testify on an accused behalf, when additional imprisonment is involve which is 34 days. Petitioner Basic Rights was violated, coupled with various of under hand behaivor by Respondents. The Petitioner Request that his good time should be Restored for this violations of insufficient evidence to support the (Code 299) of disorderly Runing of institution, denial of favorable witnesses and insufficient of evidence to support (Code 201) of fighting any person.

(3)

Instead his good time should be restored for incident Report Number 1238464 a total of 27 day good time for this incident. This incident should have been a criminal charges for the injuries the Petitioner sustains and Inmate Eddo suffered has an assualt not this two code charges. Therefore, petitioner Request that this honorable court should Reprimand the Respondent for the violation of the Petitioner constitutional Right has a victim of attempt of murder and be admoinshed for this matter.

On Grounds 5: The Petitioner would also point out another instant of the Respondent abuse of government offical position by placing petitioner and Inmate Eddo in segregation to suffer injustices. When Respondent intention was not to find out the true about the pending investigation in regard the Assault or the alleged fighting they placed the petitioner and Inmate Eddo in single cell for safety concern Regarding both Petitioner and Inmate Eddo. It's a known fact throughout the institution that both petitioner and Inmate Eddo was viciously attacked in the housing Unit by several inmates. Therefore, we was placed in single cell with name plates at the petitioner door reading Recreation and housing alone. The respondent under staff LT huifangle, officer Basil, officer Powers, officer whitten and officer Mathew purposely forced there way in my cell to place inmate valentin in my cell, knowing very well, petitioner was to be housed alone instead inmate valentin was forcebly placed in petitioner cell. First, this violated the bureau policy by coming into the cell without petitioner be secured with handcuff. The motive behind this violation was to provoke the petitioner in a psyhically altervcation in the cell. That way they can pin a new criminal charge on petitioner. This particular behavior by Respondent was unethical, borderline abuse and harrasment

(4)

This institution staffs including the respondent knew that inmate Valentin is mentally unstable and needed to be supervised at all time, instead, this inmate was placed in a cell with petitioner to harrass him mentally and psyhically This inmate Valentin was walking around the cell naked and on couple of occassion made sexual advance at the petitioner. The following day of the placement, I made my complaint that it is not safe thing to do to be housed with this inmate Valentin to officer Powers, Basil, Whitten Matthew and LT Hufangle, whom I explained my uncomfortableness regarding my housing unit concern. This already after petitioner has been in segregation in 4 months without an problem. While outside in Recreation cage for petitioner 1 hour Recreation. All the Respondent was making homosexual jokes regard petitioner in the Recreation cage about inmate Valentin. This incident occur on September 14, 2004. This behaivor by the special housing officers demonstrated the abuse the petitioner endured for 8 month in Isolation was premeditated soon after petitioner started complain about the injustice regarding the investigation. When Respondent Recieve numerous of inquiry about this incident from member of congress. That when the hardship was at a all time high, which was subsequently resulted in this habeas corpus been filed. The premeditate behaivor that will show Respondent behaivor is that on the eveing of spet 14, 2004 Lt Hufangle Left instruction that officer Clauss that petitioner nor Inmate Valentin should be moved out of the cell 219. When this LT Hufangle know my concern regarding this inmate Valentin. This abuse of discretion is an example of absolute power corrupting absolute. That Respondent would allow officers to mistreat inmates in there custody to cause mental illness, stress and anxiety by by placing petitioner in an uncomfortable position. For three days,

(5)

- this behavior was unecessary punishment, which lead to petitioner on sept 15, 2004 enough is enough tried to refuse inmate valentin as a cell mate asks to be moved out of the cell. when petitioner again Refused to be housed with this inmate, Petitioner even had the operation institution Lt VAZQUEZ to be called by officer Davis to move PETITIONER out of the cell, instead petitioner was told he cannot be moved out off this cell due to the directive left by LT hufangle whom gave the order not to move petitioner or inmate VALENTIN. when there was numerous of cell avialiable on the Range that was empty. For three days on Spet 15, 2004, on this third day after many complaint of Regarding this cell of petitioner be housed with an unstable mentally imbalance inmate. The respondent and the molen staff retaliated by moving the petitioner out of this cell, then issued petitioner an incident report which was an attempt to deter the petitioner from complaining about the abuse that was taken place in this special housing unit. The petitioner was penalized for trying to secure his safety from a mental ill inmate whom need attention at all time, not inmate attention, but professional attention at all time. This behavior by this officers and Respondent Shows that they have no regard for securing petitioner safety and as well as inmate valentin safety. Instead, petitioner was punished for this abuse of discreation disallowing his 7 days good time base on this abuse, for petitioner wanting to be housed with an inmate whom needed to be supervised medical at all times. PETITIONER further Argue's that the whole UDC Committe hearing violates dues where this particular incident Report was served over three working days

(6)

according to 28 C.F.R 541.15(b) which the D.H.O Officer D. BRACEY was aware of this violation occur, but this Regard the Policy; knowing the Respondent fail to get a waiver for extension. Which alone is a violation of disciplinary process. Then, top this off according to Respondent own prison policy 28 C.F.R 541.23 It's a know fact across prison system that if an inmate is a subject of assault or alleged assault victim he or she should and must be housed alone AND Recreation alone for his/her safety concern. Which mean not to be housed with anyone period until the investigation is complete. In this case that was not the case. For example, the very next couple of days later petitioner was place in the same cage in the Recreation with two of the inmate whom almost took his life couple of day ago, Just 48 hrs later. This is just some of the Negligence that took place.

In conclusion, petitioner request and pray that this honorable court would grant his habeas corpus relief order that the Respondent Restored the petitioner's 54 days goodtime that was disallowed unconstitutionally through out the procedure that was used in this case. For this reason that the petitioner motion be granted in favor the PETITIONER

Date November 28, 2004

Respectfully Submitted

Olayiyo Oladoko

(7)