**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OLADAYO OLADOKUN, | |
| Plaintiff, | |
| v. | |
| DAVID WINN., | Civil Action No. 04-40198-RWZ |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT   1b

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

U.S. Department of Justice

Federal Bureau of Prisons

**Incident Report**

| 1. NAME OF INSTITUTION |
|---|
| FMC Devens |

### PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| OLADOKUN, OLADAYO | 21480-037 | Sept 14, 2004 | 20:30 |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Range 2, ZA Unit, Cell 219 | ZA 219U | ZA |

| 9. INCIDENT | 10. CODE |
|---|---|
| REFUSING TO OBEY AN ORDER OF ANY STAFF MEMBER | 307 |
| INTERFERING WITH A STAFF MEMBER IN THE PERFORMANCE OF DUTIES | 398 |

11. DESCRIPTION OF INCIDENT (Date: 9/14/04 Time: 2030 Staff became aware of incident)

ON THE ABOVE STATED DATE AT THE APPROXIMATE TIME OF 20:30 I INFORMED THE ABOVE INMATE TO SUBMIT TO HAND RESTRAINTS SO I COULD SECURE HIS CELL MATE VALENTINE 10980-058 IN THE CELL. OLADOKUN 21480-037 REFUSED. I GAVE INMATE OLADOKUN A DIRECT ORDER TO SUBMIT TO RESTRAINTS AND HE PROCEEDED TO REFUSE. I NOTIFIED THE OPERATIONS LIEUTENANT AND HE PROCEED TO SHU. OPERATIONS LT. VASQUEZ GAVE OLADOKUN AN DIRECT ORDER TO COMPLY. OLADOKUN 21480-037 COMPLIED WITH THE LT. and VALENTINE WAS SECURED BY 20:50 EOR

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| | Sept 14, 2004 2050 | P. DAVIS, CORRECTIONAL OFFICER |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| P. Lupo    Ari- Lt. | 9-15-04 | 1235 |

### PART II – COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

Inmate Stated "They did not tell me to cuff up They told me to back up, I didn't want to back up, LT Vasquez came and talked to me and They placed I/m Valentine in my cell. I did tell them that I did not want Valentine as a cellmate because he is mentally unstable.

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

B. ✓ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.

C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

Based on the fact that Inmate Oladokun has suspended sanctions the udc refers disposition to the DHO & seriousness of the charges The udc refers disposition

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

The udc recommends executing suspended sanctions from report #1252655, 20 days d/s, 90 days loss of vis, Tl'ng.

21. DATE AND TIME OF ACTION 9/20/04 2:55 pm (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| S. Larkin  S Larkin | D. Housing  ___ |  |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

Original – Central File Record    Blue – To Inmate after UDC Action
Yellow – DHO    Pink – To Inmate within 24 hours of Part I preparation

Previous editions not usable



BP-288(52)
JANUARY 1988

| PART III – INVESTIGATION | 22. DATE AND TIME INVESTI-<br>09-15-04 / 12:35P.M. |
|---|---|

23. INMATE ADVISED OF RIGHT TO REMAIN SILENT: YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENCE MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOUR SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY _____ **Paul Lyons** _____ AT (DATE/TIME) 09-15-04 / 12:35P.M.

24. INMATE STATEMENT AND ATTITUDE

Inmate Oladokun # 21480-037, was advised of his rights, and stated, "Yes" he understood them. Inmate Oladokun received his copy of the incident report on the date stated above. Inmate Oladokun stated, "I wasn't asked to "cuff up", they wanted me to move back so I/M Valentine #10930-058, could be put in the cell." "I did not want that man in my cell." This investigator then asked Oladokun, "Why he feels he has the right to pick and choose whom will or will not go into his cell?" Oladokun stated, "I do not want him as my cell mate PERIOD !" Oladokun's attitude was agitated during my investigation.

25. OTHER FACTS ABOUT THE INCIDENT, STATEMENTS OF THOSE PERSONS PRESENT AT SCENE, DISPOSITION OF EVIDENCE, ETC.)

There wasn't any additional documentation submitted with the incident report. Oladokun didn't request any witnesses.

26. INVESTIGATOR'S COMMENTS AND CONCLUSIONS

Based on the facts presented in section 11, Description of incident, Oladokun's admission of wanting I/M Valentine in his cell, it is the belief of this investigator that the incident report supports the charges, and is true and correct as written.

27. ACTION TAKEN

Inmate Oladokun is to remain in his present assignment, housed in the Special Housing Unit, further action is remanded to the UDC.

09-15-04 / 12:50 P.M.

DATE AND TIME INVESTIGATION COMPLETED: _____    **Paul Lyons**

PRINTED NAME/SIGNATURE OF INVESTIGATOR: _____

_____ SIGNATURE

_____ PRINTED NAME
**Acting Lieutenant**

_____ TITLE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

    Plaintiff,

    v.

DAVID WINN.,                    Civil Action No. 04-40198-RWZ

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT    1c

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

ADVISEMENT OF INCIDENT REPORT DELAY(S)

NAME: OLADOKUN,  OLADAYO                          REGISTER NO.  21480-037

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, and reason(s) for an incident report delay which would result in the occurring of the Unit Disciplinary Committee Hearing (UDC) beyond 3 working days following the time that staff became aware of the inmate's involvement in the incident, then, the delay should be documented in the Discipline Record and the inmate should be advised.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING ON INCIDENT REPORT NUMBER: 1261968                          FOR THE CHARGE(S) OF: 307, 398   HAS BEEN DELAYED FOR THE FOLLOWING REASON(S):

UDC hearing delayed due to shortage of staff.


_S. Larkin S. Larkin Correctional counselor 9/30/04_
STAFF MEMBER / TITLE                                    DATE

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, you are hereby notified of the delay of your hearing beyond 5 working days.  The delay has occurred for the following reasons(s):




WARDEN                                                    DATE


Received by Inmate:_____ Date:_____


cc:      Inmate
         Discipline Packet

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN, | |
| Plaintiff, | |
| v. | |
| DAVID WINN , | Civil Action No. 04-40198-RWZ |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT   1d

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK ATTORNEY ADVISOR

BP-S294.052 NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO) CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

|  |  |
|---|---|
|  | FMC Devens, Massachusetts |
|  | Institution |
|  | 9/20/04 |
|  | Date |

TO: O/adohun                          Reg. No.: 71480 037

ALLEGED VIOLATION(S): Refusing to obey an order
Interfering with a staff member

DATE OF OFFENSE: 9/14/04              Code No.: 307, 398

You are being referred to the DHO for the above charge(s).

The hearing will be held on: TBA      at  TBA   (A.M./P.M.) at the following location:

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below
whether you desire to have a staff representative, and if so, his or her name.

I (do) ✓ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is: Dr. Brooks  Psych

You will also have the right to call witnesses at the hearing and to present documentary evidence in your
behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you
wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ✓ (do not) _____ wish to have witnesses.

| NAME: Valentine 10930-058 | Can Testify to: That I was not asked |
|---|---|
| To cuff up, That I was only asked to back up to my bed | |
| NAME: | Can Testify to: |
| | |
| NAME: | Can Testify to: |
| | |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available,
and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and
repetitive character references need not be called. Unavailable witnesses may be asked to submit written
statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the
DHO.

DATE: 9/20/04     SIGNATURE: X _____

Notice of hearing before DHO given inmate 9/20/04 7-55pm by _____
                                          Date/Time              Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-294(52) of JAN 88

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

OLADAYO OLADOKUN,

    Plaintiff,

    v.

DAVID WINN.,

    Defendant.

Civil Action No. 04-40198-RWZ

<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT</u>

# DOCUMENT   1e

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

BP-S293.052  INMATE RIGHTS AT DISCIPLINE HEARING  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: _Oladokun_____ Reg. No.: _71480-037_

Inmate Signature: X _Clark_____ Date: _9/20/04_

Notice of rights given to inmate(Date/time): _9/20/04  7:55pm_

by: _S. Corthern  E. _____
                Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 88.

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

    Plaintiff,

    v.

DAVID WINN,

    Defendant.

Civil Action No. 04-40198-RWZ

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT    1f

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

BP-S306.052 **DUTIES OF STAFF REPRESENTATIVE**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

_____
                                                        FMC Devens
                                                        Institution

TO:    All Staff Representatives

FROM:  Warden

There may be questions as to just which part an employee takes when that employee serves as staff
representative for an inmate who appears before the DHO. Generally, your role is to help the inmate
present the best defense possible to the charged violations. The Warden, the DHO, the reporting
officer, investigating officer, a witness to the incident, and UDC members involved in the case may not
act as staff representative. If, during your representation, you encounter difficulties which you
believe will prevent you from functioning properly, you should notify the DHO of this, and he will
excuse you if there is a good reason to do so.

(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in
preparing a defense. This will require, in every case, consultations with the inmate, and familiarity
with the Inmate Discipline Program Statement.

(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate
indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses
requested by the inmate who are called before the DHO.

(3) You should become familiar with all reports relative to the charge against the inmate. Confidential
or security information must of course be protected and may not be shared with any other person,
including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be
directed to the DHO.

(4) You should present any evidence favorable to the inmate's defense.

(5) You should present information which may assist the DHO and which may obtain a lesser sanction for
the inmate. If you believe you need additional time to pursue any of the functions, you may request a
delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to do
this.

(6) You are to help an inmate understand the charges and the potential consequences.

(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and,
if necessary during the hearing, assist the inmate in understanding procedural points.

(8) You should not be present during deliberations by the DHO. An exception would be where you have
read confidential information, and want to discuss that with the DHO outside the inmate's presence. In
that case, you will have to explain to the inmate, in general terms, what you are doing, and you should
leave the room as soon as that function is over.

(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you
should assist the inmate in doing so.

I have read the "Duties of Staff Representative" and (agree) (do not agree) to serve as staff
representative for inmate _Oladahun_____, reg. no. _91480-037__ in the
inmate's appearance before the DHO. I do not agree for the following reason_____
_____
Printed Name/Signature of Employee: _MARK BROOKS_____ Date: __9-21-04__

Record Copy - DHO

(This form may be replicated via WP)                      Replaces BP-306(52) of JAN 88

_This creates A conflict of Interest
as I Am the inmates primary
mental Health Clinician who lives
in SHU—_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

    Plaintiff,

      v.

DAVID WINN ,

    Defendant.

Civil Action No. 04-40198-RWZ

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT   1g

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

BP-S306.052  DUTIES OF STA    REPRESENTATIVE  CDFRM
MAY 94

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

_____
                                              | Institution
TO:    All Staff Representatives

FROM:  Warden

There may be questions as to just which part an employee takes when that employee serves as staff
representative for an inmate who appears before the DHO. Generally, your role is to help the inmate
present the best defense possible to the charged violations. The Warden, the DHO, the reporting
officer, investigating officer, a witness to the incident, and UDC members involved in the case may not
act as staff representative. If, during your representation, you encounter difficulties which you
believe will prevent you from functioning properly, you should notify the DHO of this, and he will
excuse you if there is a good reason to do so.

(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in
preparing a defense. This will require, in every case, consultations with the inmate, and familiarity
with the Inmate Discipline Program Statement.

(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate
indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses
requested by the inmate who are called before the DHO.

(3) You should become familiar with all reports relative to the charge against the inmate. Confidential
or security information must of course be protected and may not be shared with any other person,
including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be
directed to the DHO.

(4) You should present any evidence favorable to the inmate's defense.

(5) You should present information which may assist the DHO and which may obtain a lesser sanction for
the inmate. If you believe you need additional time to pursue any of the functions, you may request a
delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to
do this.

(6) You are to help an inmate understand the charges and the potential consequences.

(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and,
if necessary during the hearing, assist the inmate in understanding procedural points.

(8) You should not be present during deliberations by the DHO. An exception would be where you have
read confidential information, and want to discuss that with the DHO outside the inmate's presence. In
that case, you will have to explain to the inmate, in general terms, what you are doing, and you should
leave the room as soon as that function is over.

(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you
should assist the inmate in doing so.

I have read the "Duties of Staff Representative" and (agree) (do not agree) to serve as staff

representative for inmate _Oladokun_____, reg. no. _21480-037_ in the

inmate's appearance before the DHO. I do not agree for the following reason _____

_____.

Printed Name/Signature of Employee: _J. Hancock_____    Date: _25 Spt 04_


Record Copy - DHO

(This form may be replicated via WP)                    Replaces BP-306(52) of JAN 88

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

    Plaintiff,

    v.

DAVID WINN ,

    Defendant.

Civil Action No. 04-40198-RWZ

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT   1h

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FMC Devens | INCIDENT REPORT NUMBER | | 1261968 |
|---|---|---|---|---|
| INMATE NAME | OLADOKUN, Oladayo | REG NO: 21480-037 | UNIT | G |
| DATE OF INCIDENT | 09/14/04 | DATE OF INCIDENT REPORT | | 09/14/04 |
| OFFENSE CODE(S) | 307 and 398 | *Amended 10/08/04 (DB)* | | |
| SUMMARY OF CHARGES | | Refusing to obey an order. Interfering with a staff member in the performance of duties. | | |

## I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 09/15/04 at (time) 1235 (by staff member) P. Lyons, Act., Lt.

B. The DHO Hearing was held on (date) 09/23/04 at (time) 1040

C. The inmate was advised of his/her rights before the DHO by (staff member): S. Larkin, Counselor on (date) 09/20/04 and a copy of the advisement of rights form is attached.

## II.  STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|

B. Inmate requested staff representative and   N/A   appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:   Inmate requested Staff Representation.

| D. Staff representative | J. Hancock, Counselor | was appointed. |
|---|---|---|

E. Staff representative statement:

Mr. Hancock stated, "I have discussed the Incident Report with him (inmate Oladokun)."

## III.  PRESENTATION OF EVIDENCE

| A. Inmate admits | X | denies | | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The Incident Report and Inmate Rights were read to inmate Oladokun. He then indicated he understood the charge, he understood his rights, and he was ready to proceed with the hearing. The DHO informed inmate Oladokun that code 399, Conduct which disrupts or interferes, would also be considered. Inmate Oladokun did not raise any procedural issues or present written documentation as evidence.

Inmate Oladokun stated, "The Officer did not tell me to submit to restraints. He came to my cell with inmate Valentine. He told me, 'Go to the back of the cell.' I didn't go to the back of the cell. I told the Officer, 'I don't want to be cell with him.' I accepted him when the Lieutenant came."

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | X | No: | |
|---|---|---|---|---|

Page 1 of 3

DISCIPLINE HEARING OFFI   R REPORT | BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS

| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.) |
|---|

Inmate Valentine "I was put in the cell with inmate Oladokun. I don't remember what was said. When the Lieutenant came, they (staff) put me inside the cell."

| 3. The following persons requested were not called for the reason(s) given. |
|---|

N/A

| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Chronological Disciplinary Records of inmate Oladokun, Reg. No. 21480-037.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

|   | A. The act(s) was committed as charged. | |
|---|---|---|
| X | B. The following act(s) was committed: | 399 |
|   | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

Upon consideration of the reported code, section no. 11, of the Incident Report and statement of the inmate and inmate witness, the Discipline Hearing Officer (DHO) determined that relevant evidence better describes and supports code 399, Conduct which disrupts or interferes (Moderate Severity), rather, than the reported code 398, Interfering with a staff member in the performance of duties. Consequently, the DHO changed the code 398 to code 399. The DHO determined the reported code 307, is repetitive to code 399, and consequently, it was dropped.

The DHO finds there is sufficient evidence in section no. 11, of the Incident Report to support the Prohibited Act Code 399, Conduct which disrupts or interferes with the orderly running of the institution. The DHO finds the act of Conduct which disrupts or interferes, to be of Moderate Severity, most comparable to the Prohibited Act Codes 306, Refusing to accept any assignment, and 307, Refusing to obey any order.

This finding is based upon the reported account of Officer P. Davis, who stated that on September 14, 2004, at approximately 8:30 p.m., he reported to Cell #219/Special Housing Unit (SHU) and gave inmate Oladokun, Reg. No. 21480-037, a direct order to submit to hand restraints prior to placing inmate Valentine, Reg. No. 10930-058, into the same cell. Officer Davis stated inmate Oladokun refused to submit to restraints. Officer Davis stated at approximately 10:50 p.m., a Lieutenant Supervisor intervened and ordered inmate Oladokun to submit to hand restraints. Officer Davis stated inmate Oladokun then submitted to hand restraints and inmate Valentine was secured inside of Cell #219.

Page 2 of 3

DISCIPLINE HEARING OFFI___R REPORT                    BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                            FEDERAL BUREAU OF PRISONS

---

The DHO considered inmate Oladokun's claim, "The Officer did not tell me to submit to restraints. He came to my cell with inmate Valentine. He told me, 'Go to the back of the cell.' I didn't go to the back of the cell."

The DHO, however, determined inmate Valentine did not present sufficient evidence to refute the code 399. Specifically, the reporting officer's account of the incident is credible as written. The requested witness did not provide testimony which supported inmate Oladokun's denial of the charge. Inmate Oladokun admitted in part, "I told the Officer, 'I don't want to be cell with him,'" and "I accepted him when the Lieutenant came." Evidence clearly indicates approximately 20 minutes later a Lieutenant Supervisor had to intervene to resolve the matter. Consequently, the DHO determined inmate Oladokun committed code 399, based upon the greater weight of the evidence against him.

### VI. SANCTION OR ACTION TAKEN

Disciplinary Segregation: 10-days.
Disallow Good Conduct Time: 7-days.

### VII. REASON FOR SANCTION OR ACTION TAKEN

The above mentioned sanctions were imposed to impress upon inmate Oladokun and others that conduct of this nature will not be tolerated at this facility, and to deter him and others from engaging in similar conduct in the future.

The sanctions of 10-days Disciplinary Segregation; and 7-days Disallow Good Conduct Time, are commensurate with the act committed (code 399) and were imposed to hold inmate Oladokun responsible for his behavior. Specifically, the reported conduct disrupted operations in the Special Housing Unit and required additional staff intervention to prevent further confrontation.

### VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days following receipt of the DHO report under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |
|---|---|---|---|

### IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Bracy | _D. Bracy_ | 10/08/04 |

| Report delivered to inmate by: | DATE | TIME |
|---|---|---|
| _D. Bracy_ | 10/12/04 | 11:10 |

(This form may be replicated in WP)                    Replaces BP-304(52) of JAN 88

Page 3 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

    Plaintiff,

       v.

DAVID WINN.,

    Defendant.

Civil Action No. 04-40198-RWZ

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

# DOCUMENT    1i

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

*DHO Office*

*P.O. Box 880*
*Ayer, MA 01432*

October 8, 2004

MEMORANDUM FOR CENTRAL FILE

FROM:        D. BRACY, Discipline Hearing Officer

SUBJECT:    DHO/IR Report #1261968

As a result of a finding by the Discipline Hearing Officer, the inmate was determined to have committed the Prohibited Act Code 399. There was a delay in providing the inmate with a copy of the DHO report within 10-days. The delay was the result of caseload within the institution.

Exhibit A/ p.    36