UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,
   Plaintiff,
   v.
DAVID WINN.,
   Defendant.

Civil Action No. 04-40198-RWZ

<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT</u>

# DOCUMENT 1j

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

U.S. Department of Justice    Regional Administrative Remedy Appeal
Federal Bureau of Prisons

10/3/04

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __OLADOKUN, OLADAYO A__  __21480-037__  __GB-SHU__  __FMC Devens__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** This is an appeal of the D.H.O in Regards of incident Report #1261968. (1) The UDC committe violated due process when the serve this incident report over three days. according 541.15(b) which the D.H.O was aware of, that this violation occur, that they failed to get a waiver from the warden, that authorize the extension. (2) The violation of due process is when the petitioner gave oral evidence that inmate Valentine is mentally unstable.

__Oct 16, 2004__    ATTACHMENT B    __Oladayo Olad__[signature]
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**




DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY    CASE NUMBER: __356361-R1__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

USP LVN    DATE    Previous editions not usable    SIGNATURE RECIPIENT OF REGIONAL APPEAL    BP-230(13) APRIL 1982

Please see lodge book on 13, 14, 15, Sept, 2004

"ATTACHMENT B"

and made sexual advance at me, which I express my discomfort on Sept 13, Sept 14 and Sept 15 2004. This inmate is mentally unsatable, to whom the custodian officers whom later claimed they did this to horras me by placing inmate valentin in the cell with me, officer Power, officer Barsil, officer S. Whitten and officer Mallew. of whom all this officers come in my cell, threaten me with bodily harm. If I didn't accept this inmate. When in fact I already have a cellmate David Oakes. The D.H.O fail to consider this evidence, that, this inmate made several advance at me. This inmate walks in the room around naked. This officers knew this. I even told the segregation lieutenant hufanago about my discomfort. The D.H.O findings can't support the Code (399) which disrupt or interferes with orderly running of the institution. When in fact inmate valentin on the same week claim inmate Fransico Gomez 18011-038 touch him in his private part. The staff members knew this inmate is unstable but insist to place me harm way, which could have lead to sexual assualt by this inmate. Whom has made several statment on several occassion he was going to take what he want sexually from whomever. Therefore this incident report should be dissmiss, because I secured by safety from this inmate whom act like sexual predator

**OLADOKUN, Oladayo**
Reg. No. 21480-037
Appeal No. 356361-R1
Page One

---

<b>Part B - Response</b>

You appeal the August 20, 2004, decision of the Discipline Hearing Officer (DHO) at FMC Devens, finding you committed the prohibited act of Conduct which disrupts or interferes with the orderly running of the institution, Code 399 (most like Code 306 or Code 307), Incident Report number 1261968. You claim your were deprived of due process because the Unit Discipline Committee hearing was held three days later without a signed extension by the Warden. You further claim that you provided evidence during the DHO hearing that the inmate placed in your cell was mentally unstable and that your refusal was for your own safety.

The DHO determined you committed the prohibited act based on the evidence. On September 14, 2004, staff attempted to place another inmate in your cell. Staff requested that you cuff-up and you refused. However, after the lieutenant arrived you complied and the other inmate was placed in your cell. Upon reviewing the documents in this matter, there is no indication that you informed any staff during the disciplinary proceedings that this inmate posed a safety concern to you or that staff intentionally placed this inmate in your cell to cause you harm. The evidence reflects that you refused a direct order by staff, causing a disruption to the orderly running of the institution by requiring the presence of a Lieutenant to give you an order. Thus, the DHO's determination that you committed the prohibited act is proper.

Your claim that you were deprived due process because your UDC hearing was over three days without a signed extension by the Warden is without merit. Program Statement 5270.07, <u>Inmate Discipline</u> states that the UDC hearing shall ordinarily be held within three work days, and extensions beyond five work days need a signed memo from the Warden. Your UDC hearing was held on the third working day after you received this incident report.

The record in this case reflects substantial compliance with Program Statement 5270.07, <u>Inmate Discipline</u>. The decision of the DHO was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the prohibited acts. The sanctions imposed were 10 days disciplinary segregation and the disallowance of 7 days Good Conduct Time for

(Continued on Page Two)

**OLADOKUN, Oladayo**
Reg. No. 21480-037
Appeal No. 356361-R1
Page Two

the Code 399 violation. These sanctions were not disproportionate to your misconduct. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: November 19, 2004

D. SCOTT DODRILL
Regional Director

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,
  Plaintiff,
     v.
DAVID WINN.,
  Defendant.

Civil Action No. 04-40198-RWZ

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

# DOCUMENT 1k

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

U.S. Department of Justice                             Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: OLADOKUN OLADAYO A     21480-037     SHU-G-UNIT     FMC DEVEN
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL  1) The UDC Committe violated due process when serve this incident report over three days according 541.15(b) C.F.R. which the D.H.O was aware of this violation occur, they fail to get a waiver from the warden, that authorize the extension. 2) Yes, there was plenty of day on which informed staff during the disciplinary proceeding, that this inmate posed a safety concern to me on Sept 13, Sept 14, Sept 15 which I express my concern, the D.H.O" states did this inmate touch me". which I told him this inmate walk around the room Naked, and makes sexual advances. 3) Yes staff members officers BARSIC, POWERS, S. WHITTEN, AND MATHEWS LAUGH AT ME WHEN I TOLD THEM OF MY CONCERN, ON THE DAY THAT THIS INMATE WAS PLACED IN MY CELL SEPT 15, 2004

November 28, 2004            ATTACHMENT B          Oladayo Olaodokun
DATE                                                SIGNATURE OF REQUESTER

Part B—RESPONSE

_____

DATE                                           GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY              CASE NUMBER: 356361 A1

Part C—RECEIPT
                                               CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____
DATE                           SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)
USP LVN                                                                             APRIL 1982

Exhibit A/ p. 43

"ATTACHMENT B"

This same officer threaten me with bodily harm if I didn't report the inmate to the celebrated. In fact I never [illegible] a [illegible] inmate of [illegible]. This staff [illegible] [illegible] put this inmate to cause harassment. The [illegible] [illegible] after 5 months in segregation [illegible] [illegible] [illegible]? Petitioner didn't [illegible] [illegible] [illegible], the petitioner is [illegible] to [illegible] his [illegible] due to the fact petitioner almost [illegible] [illegible] no way to get from assaults and battery with [illegible] [illegible]. The bureau of prison policy 3y [illegible] 5411.73 it is a proven fact that if an inmate [illegible] up [illegible] assault he should be housed [illegible] [illegible] alone, which mean protective custody. [illegible] for, this reason above, incident report number 1201905 must be vacated and dismiss petitioner [illegible] [illegible] [illegible]. Petitioner was not suppose to be housed with anyone period. Not to mention an [illegible] inmate with mental problem.

Administrative Remedy No. 356361-A1
Part B - Response

You appeal the DHO's decision of September 23, 2004, for Conduct which Disrupts the Orderly Running of the Institution, Code 399 (most like 306 and 307). Specifically, you contend that you were not notified nor was the UDC hearing held in a timely manner. You further contend that you provided evidence during the DHO hearing that the inmate placed in you cell was mentally unstable. As relief, you request that the incident report be expunged.

Our review reveals substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*. This P.S. states that the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Accordingly, we find that the DHO detailed in Section V of the DHO report the specific evidence relied upon to support a finding that you committed the prohibited act of Conduct which Disrupts the Orderly Running of the Institution, Code 399 (most like 306 and 307), and we agree that it is reasonable to make that finding. Furthermore, we find that Section 11 of the incident report adequately describes the prohibited act, contrary to your assertion. As to the charge, P.S. 5270.07 states that the DHO may find that you committed a similar prohibited act that is reflected in the incident report. In your case, the DHO found that the description of your behavior as contained in Section 11 matched Code 399 (most like 306 and 307), and we agree with his finding. As to your receipt of a copy of the incident report, P.S. 5270.07 requires that staff give an inmate notice of the charges by delivering the incident report **ordinarily** within 24 hours of the time staff became aware of the inmate's involvement in the incident. Staff became aware of your involvement in the incident on September 14, 2004, at 8:50 PM, and you received your notice of the charges on September 15, 2004, at 12:35 PM. Your UDC hearing was held on the third working day after you received this incident report. Finally, we do not find any evidence that you informed staff that the inmate posed a safety concern to you or that staff intentionally placed this inmate in your cell to cause you harm. Therefore, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy. Your appeal is denied.

2/18/2005
Date

Harrell Watts, Administrator
National Inmate Appeals

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN,<br><br>　　Plaintiff,<br>　　v.<br>DAVID WINN.,<br><br>　　Defendant. | Civil Action No. 04-40198-RWZ |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT 11

## TO

# EXHIBIT A

**DECLARATION OF ANN H. ZGRODNIK
ATTORNEY ADVISOR**

BP -S288.052 INCIDENT REPORT CDFRM                                   FRH /235464
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

| 1. Name Of Institution: FEDERAL MEDICAL CENTER, DEVENS |||||
|---|---|---|---|---|
| Part I - Incident Report |||||
| 2. Name Of Inmate Oladokun, Oladayo | 3. Register Number 21480-037 | 4. Date Of Incident 5-30-2004 || 5. Time 2:53PM |
| 6. Place Of Incident GB Unit Common Area | 7. Assignment Unassgned | 8. Unit G-B || |
| 9. Incident Code   Fighting With Another Person |||| Code - 201 |

11. Description Of Incident (Date: 7-08-2004   Time: 10:00am    Staff become aware of incident)
On 7-08-2004, at 10:00am, an SIS Investigation was completed regarding a fight in G-B unit. The investigation revealed that on 5-30-2004, at 2:53p.m, you were involved in a fight with the following inmates: Jose Torres-Marquez, Reg. No. 21202-069, David Alphonse-Rios, Reg. No. 10956-052, Rafael Fernandez-Vasquez, Reg. No. 58704-053, Dario Rivera, Reg. No. 21547-038, Manuel Geronimo, Reg. 22893-038, Victor Vinas, Reg. No. 05145-070, Confidential Informant #255, and Confidential Informant #321. Further verification of this incident was by the SIS Surveillance cameras and by confidential information received. During the course of this investigation, you lied to this investigator by stating "I didn't see anything, besides a commotion", and it was also noted in the Mass interviews conducted on the day of the incident. Therefore you are being charged with code 201, Fighting with Another Person.

| 12. Signature Of Reporting Employee | Date And Time 7-08-2004 10:00AM | 13. Name And Title (Printed) A. Colon, SIS Lieutenant ||
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident Report Delivered 10/5/04 | 16. time Incident Report Delivered 9:00 pm |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident
    See back.

| 18. A. It Is The Finding Of The Committee That You:<br>___ Committed The Following Prohibited Act.<br>___ Did Not Commit A Prohibited Act. | B. ✓  The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. ___  The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information
    Based on the severity of the charge, the UDC is referring this Incide
    Report to the DHO for disposition/review.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
    If found guilty of the charge, the UDC recommends loss of
    commissary and telephone privileges; and disallowance of GCT

21. Date And Time Of Action 10-7-04  1:30 p.m    (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

P. Jenkinson                    D. Thringl
Chairman (Typed Name/signature)   Member (Typed Name)           Member (Typed Name)

#17: Inmate Oladokun denies fighting with anyone. He claimed he was in inmate Cohen's cubicle when Michael Newton came into the cell complaining about some Hispanic inmates who had changed the television channel. Inmate Oladokun claimed he told Newton, "Yeah, you're right. They shouldn't have changed it." He claimed inmate Alphonse & Santana then approached & said they were going to watch the Red Sox. (Oladokun indicates Santana was interpreting for Alphonse) At that time, a verbal disagreement commenced. Oladokun claims Alphonse then punched inmate Eddo and left the area. Later Alphonse returned holding a knife & was accompanied by approx. 15 other inmates.

Inmate Oladokun claimed he then saw a white blur & blacked out for approx. one minute. He claims when he "came to" he saw blood & inmate Eddo climb over the cubicle wall. He stated, "There were over 50 dudes, see me get thrashed in the unit."

| PART III - INVESTIGATION | 22. DATE AND TIME INVESTIGATION BEGAN 10/5/04 9:00 |

23. INMATE ADVISED OF RIGHT TO REMAIN SILENT: YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISSCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENCE MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOUR SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY   Deeley    AT (DATE/TIME)   10/5/2004 9:00 am

24. INMATE STATEMENT AND ATTITUDE

Inmate Oladokun # 21480-037 was read his rights and acknowledged that he understood them. Inmate Oladokun's attitude was fair and cooperative and provided a statement in his defense. Oladokun stated " I was trying to resolve the issue then I got hit. ". Oladokun also stated " I didn't lay a hand on anybody. ". Inmate Oladokun stated " Lieutenant Colon is making a mistake. ".

25. OTHER FACTS ABOUT THE INCIDENT, STATEMENTS OF THOSE PERSONS PRESENT AT SCENE, DISPOSITION OF EVIDENCE, ETC.

Inmate Oladokun # 21480-037 did not provide any other statement and did not provide any witnesses. Contained within the packet are supporting memorandums, the investigation packet and photos of all the inmates involved.

Suspended on 7-8-04 Pending FBI Refferral
Administrative Error In Issuing Inmate's Copy Due To FBI Refferral Response

26. INVESTIGATOR'S COMMENTS AND CONCLUSIONS

Based upon the body of the incident report, the investigation packet and supporting memorandums, the investigator believes the charge to be valid.

27. ACTION TAKEN

Inmate Oladokun # 21480-037 will continue to be housed in the Special Housing Unit. The incident report will be forwarded to the Unit Discipline Committee for further disposition.

DATE AND TIME INVESTIGATION COMPLETED    10/5/2004 9:39 am

PRINTED NAME/SIGNATURE OF INVESTIGATOR    William Deeley

SIGNATURE

Senior Officer Specialist
TITLE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN,<br><br>   Plaintiff,<br>   v.<br>DAVID WINN.,<br><br>   Defendant. | Civil Action No. 04-40198-RWZ |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

# DOCUMENT 1m

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center*

---

*Correctional Services*
*P.O. Box 880*
*Devens, Massachusetts 01432*

October 4, 2004


MEMORANDUM FOR: Lieutenant's Office/Investigating Lieutenant

FROM: A. Colón, SIS Lieutenant

SUBJECT: Incident Report/Administrative Error Inmate Oladokun,
         Oladayo, Reg. No. 21480-037/Incident Report #1238464

This memorandum is to give notification in the delay of inmate
Oladokun copy of the incident report. Due to an Administrative
error, the incident report was written on 7-08-04, at 10:00am, but
was suspended pending FBI referral. The SIS office was notified on
10-4-04, by the Federal Bureau of Investigations and the Assistant
United States Attorneys Office that it will no longer handled the
case, and referred back to FMC Devens for its internal disciplinary
process.

---

*Sensitive Limited Official Use Only*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN,<br><br>  Plaintiff,<br>  v.<br>DAVID WINN.,<br><br>  Defendant. | Civil Action No. 04-40198-RWZ |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT 1n

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

## ADVISEMENT OF INCIDENT REPORT DELAY(S)

NAME: <u>OLADOKUN, OLADAYO</u>              REGISTER NO. #21480-037

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, and reason(s) for an incident report delay which would result in the occurring of the Unit Disciplinary Committee Hearing (UDC) beyond 3 working days following the time that staff became aware of the inmate's involvement in the incident, then, the delay should be documented in the Discipline Record and the inmate should be advised.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING ON INCIDENT REPORT NUMBER: # 1238464         FOR THE CHARGE(S) OF: <u>201 FIGHTING WITH ANOTHER PERSON</u> HAS BEEN DELAYED FOR THE FOLLOWING REASON(S): The Incident report was suspended on 7-08-04 pending FBI referral.

_M Culibro_ U/M                                        10/5/04
STAFF MEMBER / TITLE                                   DATE

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, you are hereby notified of the delay of your hearing beyond 5 working days. The delay has occurred for the following reasons(s): The Incident report was suspended on 7-08-04 pending FBI referral. Telephonic notification was received by the FBI on 10-04-04 releasing the pending referral, allowing the UDC to proceed with processing of the incident report.

_(signature)_                                          10/5/4
WARDEN                                                 DATE


Received by Inmate: _(signature)_    Date: _10/6/04_

cc:   Inmate
      Discipline Packet

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN,<br><br>　　Plaintiff,<br>　　v.<br>DAVID WINN.,<br><br>　　Defendant. | Civil Action No. 04-40198-RWZ |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT 1o

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

BP-S294.052  NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

FMC Devens, Massachusetts
Institution
10/7/04
Date

TO: Olaookun,                              Reg. No.: 21480-037
ALLEGED VIOLATION(S):

DATE OF OFFENSE: 5/30/04                   Code No.: 201

You are being referred to the DHO for the above charge(s).
The hearing will be held on: TBA     at  TBA     (A.M./P.M.) at the following location:

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ✓  (do not) ___  wish to have a staff representative.
If so, the staff representative's name is: Mr. Tante

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ✓  (do not) ___  wish to have witnesses.

NAME: Michael Newton              Can Testify to: Saw And Could Explain on
What occured.

NAME: John Smith                  Can Testify to: That you were not
Part of The Fight.

NAME: Duane Wilkey                Can Testify to: Saw And Could Explain
on what occured.

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 10/7/04     SIGNATURE: ✓ Olaookun

Notice of hearing before DHO given inmate 10/7/04 1:30pm by A. Bernard
                                         Date/Time              Staff Printed Name/Signature

(This form may be replicated via WP)                Replaces BP-294(52) of JAN 88

Harris, T

Good

What The Fight was About

That I was not Fighting
Any Body