UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

Plaintiff,
v.
DAVID WINN,

Defendant

Civil Action No. 04-40198-RWZ

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT    1p

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

BP-S293.052  INMATE RIGHTS AT DISCIPLINE HEARING  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: _OLADOkun  O_____    Reg. No.: _214 80-037_

Inmate Signature: _X Oladk_____    Date: _10/7/04_

Notice of rights given to inmate (Date/Time): _10/7/04  1:30 lm_

By: _A. Irasingi  DDF_____
            Staff Printed Name/Signature

(This form may be replicated via WP)              Replaces BP-S293(52) of JAN 88.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN, | |
| Plaintiff, | |
| v. | |
| DAVID WINN, | Civil Action No. 04-40198-RWZ |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT   1q

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

BP-S306.052  DUTIES OF STAFF REPRESENTATIVE  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

*FMC DEVENS*
                                                          Institution

TO:    All Staff Representatives

FROM: Warden

There may be questions as to just which part an employee takes when that employee serves as staff
representative for an inmate who appears before the DHO. Generally, your role is to help the inmate
present the best defense possible to the charged violations. The Warden, the DHO, the reporting
officer, investigating officer, a witness to the incident, and UDC members involved in the case may not
act as staff representative. If, during your representation, you encounter difficulties which you
believe will prevent you from functioning properly, you should notify the DHO of this, and he will
excuse you if there is a good reason to do so.

(1) You are to assist the inmate in presenting whatever information the inmate wants to present and in
preparing a defense. This will require, in every case, consultations with the inmate, and familiarity
with the Inmate Discipline Program Statement.

(2) You are to speak to witnesses who might furnish evidence on behalf of the inmate, if the inmate
indicates there are such witnesses whom the inmate wishes to have called. You may question witnesses
requested by the inmate who are called before the DHO.

(3) You should become familiar with all reports relative to the charge against the inmate. Confidential
or security information must of course be protected and may not be shared with any other person,
including inmates, staff, visitors, attorneys, etc. Any request for confidential information should be
directed to the DHO.

(4) You should present any evidence favorable to the inmate's defense.

(5) You should present information which may assist the DHO and which may obtain a lesser sanction for
the inmate. If you believe you need additional time to pursue any of the functions, you may request a
delay in the hearing from the DHO, but ordinarily only after you have the concurrence of the inmate to
do this.

(6) You are to help an inmate understand the charges and the potential consequences.

(7) You should be familiar with procedures at the hearing, explain them to the inmate in advance, and,
if necessary during the hearing, assist the inmate in understanding procedural points.

(8) You should not be present during deliberations by the DHO. An exception would be where you have
read confidential information, and want to discuss that with the DHO outside the inmate's presence. In
that case, you will have to explain to the inmate, in general terms, what you are doing, and you should
leave the room as soon as that function is over.

(9) If the inmate asks you to assist in writing an administrative appeal from the DHO action, you
should assist the inmate in doing so.

I have read the "Duties of Staff Representative" and (agree) (do not agree) to serve as staff

representative for inmate  *OLADOKUN, O*        , reg. no. *21480-037* in the

inmate's appearance before the DHO. I do not agree for the following reason _____
_____.

Printed Name/Signature of Employee: *Robert Taft, Robt Taft*  Date: *11/3/04*

Record Copy - DHO

(This form may be replicated via WP)                    Replaces BP-306(52) of JAN 88

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLADAYO OLADOKUN,

    Plaintiff,

       v.

DAVID WINN,,                    Civil Action No. 04-40198-RWZ

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT    1r

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FMC Devens | | INCIDENT REPORT NUMBER | | | 1238464 | |
|---|---|---|---|---|---|---|---|
| INMATE NAME | OLADOKUN, Oladayo | | REG NO | 21480-037 | UNIT | G | |
| DATE OF INCIDENT | 05/30/04 | | DATE OF INCIDENT REPORT | | | 07/08/04 | |
| OFFENSE CODE(S) | | 201 | | | | | |
| SUMMARY OF CHARGES | | Fighting with another person. | | | | | |

**I.   NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)    10/05/04         at (time)    0900      (by staff member)    W. Deeley, Act., Lt.

B. The DHO Hearing was held on (date)    11/08/04       at (time)    1400

C. The inmate was advised of his/her rights before the DHO by (staff member):

D. Primsingh, Counselor           on (date)     10/07/04          and a copy of the advisement of rights form is attached.

**II.   STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | | No: | X |
|---|---|---|---|---|

B. Inmate requested staff representative and   Mr. Tart, Education Teacher   appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:   N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

Mr. Tart, "I have discussed the Incident Report, Supporting Documentation, and statements of requested Witnesses with inmate Oladokun.  Last week I informed him that code 299, would also be considered based upon the Supporting Documentation which shows him holding a mop-wringer and running around the common area searching for inmates. Inmate Oladokun claimed he was not holding a mop-wringer or running around the unit.  He claimed he was attacked and he did not do anything wrong."

**III.   PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The Incident Report and Inmate Rights were read to inmate Oladokun.  He then indicated he understood the charge, he understood his rights, he had an opportunity to discuss the Incident Report with his Staff Representative, and he was ready to proceed with the hearing.  Inmate Oladokun was informed of a staff memorandum which explains the reason his Incident Report was not delivered to him until October 5, 2004.  Inmate Oladokun was informed of the Advisement Of Incident Report Delay form dated October 5, 2004, which explains the reason his Unit Discipline Committee hearing was not conducted within the required three work days.  Inmate Oladokun was provided with the opportunity to explain how the delay may have harmed his defense of the charge as indicated in section no. 11, of the Incident Report and supporting documentation.  Inmate Oladokun indicated the

Page 1 of 5

DISCIPLINE HEARING OFFICER REPORT        BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE        FEDERAL BUREAU OF PRISONS

---

delay did not harm his defense of the charge.  Inmate Oladokun did not raise any procedural issues or present written documentation as evidence.

Inmate Oladokun stated, "I was attacked by some inmates.  I got hit with a weapon.  I went and got a mop-wringer to protect myself.  I don't remember running around the unit with the mop-wringer."

| C. Witness(es): | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | X | | No: | |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

T. Harris, Reg. No. 90758-038
M. Newton, Reg. No. 02580-049
J. Smith, Reg. No. 46644-083
D. Wilkey, Reg. No. 22390-038
O. Eddo, Reg. No. 50530-053

The Administrative Record does not indicate inmate Oladokun requested any witnesses during the investigation of the Incident Report on October 5, 2004.  The Notice Of Discipline Hearing Before the DHO form dated October 7, 2004, reflects inmate Oladokun requested the above mentioned inmates as witnesses.  Specifically, they could testify to: "Could explain on what happened" and "that I was not fighting anybody."

On November 3, 2004, inmate Harris submitted a written statement which states, "I seen some guys fighting upstairs in G-Unit.  I got out of my bed and went to the lobby area of the unit."

On November 3, 2004, inmate Wilkey submitted a written statement which states, "All I remember is a bunch of swinging and Oladokun hit the floor and move out of the way.  I don't know who was fighting."

On November 3, 2004, inmate Smith submitted a written statement which states, "Saw Oladokun ground and jump up and run out a crowd of guys around him while on the ground.  I went back to playing cards in the card room."

On November 3, 2004, inmate Newton submitted a written statement which states, "Walking to the ice machine I saw Dale (inmate Oladokun) was at the wall as I was getting some ice.  I heard some commotion (sic comociton) and looked back and Dale was on the floor.  He got up and was looking confused.  I went back to my room."

On June 3, 2004, inmate Eddo was interviewed during the preliminary investigation of the incident and he stated in part he, "didn't notice where was Oladokun," because he "was dazed from the beating he got on," his "head."  It should be noted that supporting documentation shows inmate Eddo was present in the common area of unit when inmate Oladokun discarded the mop-wringer in that same area.

The DHO informed inmate Oladokun of relevant supporting documentation and the rationale for consideration of code 299.  The DHO informed him of his statement during the hearing and then asked him, "can your requested witnesses provide testimony to show that you did not retrieve a mop-wringer and return to the common area of the unit?"  Inmate Oladokun stated, "No."  Based upon this information, the DHO determined the requested witnesses would not provide testimony to refute the reported code 299, and consequently, they were not called to the hearing.

Page 2 of 5

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | X | No | | N/A | |
|---|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

SIS Confidential Video Surveillance Tape (DEV-4-056-001); Written statements from inmates T. Harris, Reg. No. 90758-038; M. Newton, Reg. No. 02580-049; J. Smith, Reg. No. 46644-083; and D. Wilkey, Reg. No. 22390-038; and Chronological Disciplinary Record for inmate Oladokun, Reg. No. 21480-037.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

| | A. The act(s) was committed as charged. | |
|---|---|---|
| X | B. The following act(s) was committed: | code 299 |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

Upon consideration of Section No. 11, of the Incident Report and supporting documentation; and statement of inmate, and inmate witnesses, the Discipline Hearing Officer (DHO) determined relevant evidence supports and describes code 299, Conduct which disrupts or interferes with the security or orderly running of the institution, rather than the reported code 201, Fighting with another person. Consequently, the DHO changed the code 201, to code 299.

The DHO finds there is sufficient evidence in section no. 11, of the Incident Report and supporting documentation to support the Prohibited Act Code 201, Fighting with another person. The DHO finds the conduct to be of High Severity, and most comparable to Prohibited Act Codes 203A, Threatening another person with bodily harm (Attempting/Planning); 201A, Fighting with another person (Attempting/Planning); and 224A, Assaulting any person (Attempting/Planning).

This finding is based upon the reported account of SIS Lieutenant A. Colon, who indicated an administrative investigation revealed that on May 30, 2004, at approximately 2:53 p.m., two different inmate groups that were present in G-Unit/Range-B, including inmate Oladokun, Reg. No. 21480-037, engaged in fighting with each other. Specifically, Lieutenant Colon indicated inmate Oladokun was identified as a participant via Video Surveillance.

This finding is based upon the DHO's review of video surveillance tape/photographs of the reported incident which occurred in G-Unit/Range-B on May 30, 2004, at approximately 2:53 p.m. Specifically, the surveillance tape shows that immediately prior to the reported incident inmate Oladokun, Reg. No. 21480-037, and inmate Eddo, Reg. No. 10719-036; were standing in the common area of the unit in close proximity to the inmate telephones. Inmate Oladokun was then confronted by four inmates. Inmate Oladokun engaged in a verbal confrontation with these inmates, and subsequently one of these inmates struck him in the upper body, and others pursued and kicked him as he fell to the floor. The surveillance tape/photographs also show that at approximately 2:54 p.m., inmate Oladokun returned to the common area of the unit while brandishing a mop-wringer

Page 3 of 5

**DISCIPLINE HEARING OFFICER REPORT**                     **BP-S305.052 MAY 94**
**U.S. DEPARTMENT OF JUSTICE**                            **FEDERAL BUREAU OF PRISONS**

---

in his left hand.  Inmate Oladokun walked about the common area in search of further
confrontation.  He then dropped the mop-wringer and ran from the area to conceal his
involvement in the matter.  It should be noted the Scheduled Inmate Movement was in
progress immediately prior to, during, and following this incident, and numerous inmates
were observed entering G-Unit/Range-B.

The DHO considered inmate Oladokun's claim, "I was attacked by some inmates.  I got hit
with a weapon," and "I don't remember running around the unit with the mop-wringer."

The DHO, however, determined inmate Oladokun did not provide sufficient evidence to
refute the code 299.  Specifically, the reporting officer's account of the incident is
credible as written and is supported by documentation which includes video surveillance
tape/photographs of the reported incident.  The DHO determined that prior to the
reported incident inmate Oladokun was involved in a dispute over the unit television
which included inmate Eddo, and at least one of the assailants.  Therefore, he was
reasonably aware of the potential for further conflict.  Inmate Oladokun did not present
evidence which indicates he sought or attempted to seek staff assistance either prior
to, or immediately following the assault upon him.  In contrast he admitted in part,
"I went and got a mop-wringer to protect myself."  Based upon this information it is
reasonable to conclude that following the above mentioned assault inmate Oladokun made a
voluntary decision to retrieve a mop-wringer for use as a weapon and return to the
location of the incident in search of further confrontation with the assailants.
Consequently, the DHO determined he committed the code 299, based upon the greater
weight of the evidence against him.

### VI.  SANCTION OR ACTION TAKEN

Disciplinary Segregation: 15-days.
Disallow Good Conduct Time: 27-days.

### VII.  REASON FOR SANCTION OR ACTION TAKEN

The above mentioned sanctions were imposed to impress upon inmate Oladokun and others
that conduct of this nature will not be tolerated at this facility, and to deter him and
others from engaging in similar conduct in the future.

The sanctions of 15-days Disciplinary Segregation; and 27-days Disallow Good Conduct
Time, are commensurate with the act committed (code 299) and were imposed to hold inmate
Oladokun responsible for his behavior.  Engaging in group confrontations consistent with
attempting/aiding/planning to threaten, fight with or assault others can lead to serious
injury to all parties involved, and to staff, and may escalate into a major
confrontation, thereby, threatening the security and orderly running of the institution.

Page 4 of 5

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

BP-S305.052 MAY 94
**FEDERAL BUREAU OF PRISONS**

| | | | | | |
|---|---|---|---|---|---|
| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days following receipt of the DHO report under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | | | | |
| | Yes | X | NO | | |

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Bracy | *D. Bracy* | 11/17/04 |

| Report delivered to inmate by: | DATE | TIME |
|---|---|---|
| *D. Bracy* | 11/18/04 | 3⁰⁰ pm |

(This form may be replicated in WP)                    Replaces BP-304(52) of JAN 88

Page 5 of 5

Exhibit A/ p.   65

11-3-04

Walking To The Ice Machine I Seen Dale
Was at The Wall as I was getting Some Ice
I heard Some comociton and looked Back
and Dale was on The floor. he got up
and was looking Confused. I went Back
To my room.

Michael Sr

1-3-04

Saw Oladukin Ground and jump up and run out.
Crowd of guys around him while on the ground. I went
back to play cards in the card room.

*[signature]*

11-3-04

all I Remember is A Bunch of swinging And
OLADOKAN hit The Floor And moved out The WAY
I dont Know who was Fighting.

Duane Wilkey

11-3-04

I seen some goys Fighting Upstairs in G-Unit. I got
out of my bed and went to the lobby AREA of the Unit.

Trevor Harris

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN,<br><br>    Plaintiff,<br>    v.<br>DAVID WINN ,<br><br>    Defendant. | Civil Action No. 04-40198-RWZ |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT   1s

## TO

# EXHIBIT A

## DECLARATION OF ANN H. ZGRODNIK
## ATTORNEY ADVISOR

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

Appekk Sanction on Nov 8, 2004

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: OLAISOKUN, OLADAYO    A    21480-037    GB-Unit-SHU    FMC Deven
      LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL** Appealing I/R 1238464. The ditt.O Findings cannot not support any evidence of the incident report changed from (201) Fighting any person, which petitioner first was charged with Fighting six inmates. Then changed abruptly in mid hearing to (299) Conduct which disrupt the orderly running of the institution; due it's violation of the disciplinary hearing procedure failure to call witnesses favorable to refute the New code (299) according to 28 C.F.R . The reason been is on May 30, 2004 while in the common area talking to inmate Santana Nelson disolve the incident between inmate EDDO and inmate Alphonse-Rios. The petitioner was attacked by several inmate from behind, hit in the head with pillow case full of stones and rocks. The petitioner immediately hit

Nov 9, 2004          ATTACHMENT          Oladayo Olodokun,
    DATE                                  SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____          _____
        DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                    CASE NUMBER: 359103-R1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                                  CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____          _____
USP LVN    DATE    Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP–230(13)
APRIL 1982

the floor and black out was on unconscious, while on the floor, petitioner was held on the floor beaten with lock in the sock, broom, kicked with steel toe booths, while the petitioner was on the floor. which I couldn't

feel any part of my body. All I remember there was alot of commotion on top of me, which I later found out from witnesses it was inmate Edelo #50550-053 preventing inmate Alphonse-Rios 10950-052 from delivering a deadly blow with the pillow case full of Rocks and stones to my head. when I finally regain feeling to my body, I jump up and ran out of fear, and delusion got a "mop wringer". which I put down immediately in front of the desk when you first come in the unit. I didn't chase anyone, nor go further into the unit T.V Room, any of the Ranges to look for anyone has the D.H.O claimed, D.H.O is further instrumenting the rest of the conspiracy to cover the Institution Negligence for lack of security. Because I never went into the common area with this mop wringer. This Totally a lie, and a very "big" lie at that. The reason been is soon I walked back to the desk. I seen inmate EDDO hemoraging from blood gushing from his head. Immediately put the mop wringer down, So there was no way was I able to run around with this mop wringer has the D.H.O claim. This is a big lie. The petitioner walked with inmate EDDO holding a towel to his head, even petitioner feel delusion himself at the time, not knowning petitioner was expriencing concussioness himself. So the reason the incident report changed to code (899) must be vacated. The d.h.O officer played Trickery with my staff representation Mr TART, because the institution and the D.H.O had me under the impression that I was going into the hearing has fighting six inmates. I contest that I will like To call new witness due To the change of incident report to refuste the New Code (299) which I could provide over 10 inmates to prove that I put the mop wringer down in front of the desk, and never went pass the front entrance with this mop wringer. Therefore ask his good time be rastored and incident report dismiss due violation of due process to call new witness to refuste the New code

**OLADOKUN, Oladayo**
Reg. No. 21480-037
Appeal No. 359103-R1
Page One

---

### Part B - Response

You appeal the November 8, 2004, decision of the Discipline
Hearing Officer (DHO) at FMC Devens, finding you committed the
prohibited act of Conduct Which Disrupts, (most like attempted
assault/fighting and threatening), Code 299, Incident Report
number 1238464.  You claim you were attacked and the evidence
does not support the charge.  You state you picked up the mop
wringer, then put it down and did not chase after anyone.  You
believe the institution was negligent for the lack of security.
You request the chance to call witnesses for the new charge and
to have the incident report expunged.

The DHO determined you committed the prohibited act based on the
evidence.  An SIS investigation, completed on July 8, 2004,
concluded that you were involved in a physical altercation with
several other inmates.  The investigation revealed that during
the altercation, you were knocked to the floor.  You got up,
retrieved a mop ringer and returned to the area looking for the
inmates that struck you.  The DHO also considered the SIS
investigation, including supporting memoranda and video
surveillance photographs.

You told the DHO that you were attacked and were hit with a
weapon.  You admitted getting the mop ringer to protect yourself.
The DHO noted the surveillance photographs showed you getting
struck by other inmates and you brandishing a mop ringer in your
left hand.  He also stated you walked around the common area
looking for further confrontation.  You could not present any
evidence to refute this information.  Program Statement 5270.07,
<u>Inmate Discipline and Special Housing Units</u> states, the DHO shall
consider all evidence presented at the hearing and find that the
inmate committed the prohibited act charged and/or a similar
prohibited act if reflected in the incident report or did not
commit the prohibited act charged.  The DHO reviewed all of the
evidence presented and reasonably determined your behavior was
more accurately summarized as disruptive conduct most like
offense Codes 201A/203A and 224A.  The DHO advised you at the
hearing that he was considering offense Code 299, and you did not
indicate you required additional time to prepare a defense.

(Continued on page two)

**OLADOKUN, Oladayo**
Reg. No. 21480-037
Appeal No. 359103-R1
Page Two

The record in this case reflects substantial compliance with
Program Statement 5270.07, <u>Inmate Discipline</u>.  The decision of
the DHO was based upon the greater weight of evidence and the
sanctions imposed were consistent with the severity level of the
prohibited acts.  The sanctions imposed, 15 days disciplinary
segregation and disallow 23 days good conduct time, were not
disproportionate to your misconduct.  Accordingly, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: December 16, 2004                    D. SCOTT DODRILL
                                           Regional Director