UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLADAYO OLADOKUN,<br><br>    Plaintiff,<br>    v.<br>DAVID WINN.,<br><br>    Defendant. | Civil Action No. 04-40198-RWZ |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

# DOCUMENT 1t

## TO

# EXHIBIT A

**DECLARATION OF ANN H. ZGRODNIK
ATTORNEY ADVISOR**

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____   _____   _____   _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.          UNIT           INSTITUTION

Part A—REASON FOR APPEAL  Appealing I/R 1238464. The Region cannot uphold the DHO findings cannot support any evidence of the incident was changed from (201) fighting any person, which petitioner first was charged with fighting eight inmates. Then changed abruptly in mid hearing to (299) conduct which disrupt the orderly running of the institution, due to violation of disciplinary hearing procedure failure to call new witness favorable to the new code (299) according 28 C.F.R. 541.17. The reason being is he was found while in the common area talking to inmate Santana trying to resolve the incident between inmate Edwin and inmate Alpha, the petitioner was attacked by several inmate from behind, hit in head with pillow case full of stones and trucks. Any the petitioner immediately hit _____

_____                                    _____
   DATE                                        SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED
JAN 11 2005

_____                                    _____
   DATE                                              GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY              CASE NUMBER: _____

Part C—RECEIPT
                                              CASE NUMBER: _____

Return to: _____   _____   _____   _____
            LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____       BP-231(13)
   DATE                       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL   APRIL 1982
USP LVN

Attachment "B" the floor and blackout was on unconscious, while on the floor, petitioner was held on the floor beaten with lock in the socks, broom, kicked with steel toe boots, while the petitioner was on the floor. Which I couldn't feel any part of my body. All I remember is there was a lot of commotion on top of me which I later foundout from witnesses it was inmate Eddo Rog# 50350-053 preventing inmate Alphonse-Rios 10156-062 from delivering a deadly blow to my head with the pillow case full of rocks and stones. When I finally regain feeling to my body I jump up and ran out of fear and delusion got a mop wringer which I put down immediately in front of the desk when you first come in the unit. I didn't chase anyone, nor go further into the Unit T.V. Room, any of the Ranges to look for anyone has the D.H.O claimed. Ditto further instrumenting the rest of the conspiracy to cover up the Institution negligence for lack of security, because I never went into the common area with this mop wringer. This is totally a "lie" and a very "big" lie at that. The central office need to request the live footage of this attempt of murder. The petitioner is not making excuse, by he has the right to life, when over 12 inmates was trying to take his life. Therefore this incident reports should be vacated and my goodtime restored, due to the fact the petitioner was able to call new witness to refusted the New Change Charge (299) code in the interest of justice.

Administrative Remedy No. 359103-A1
Part B - Response

You appeal the November 8, 2004, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Conduct Which Disrupts or Interferes With the Security or Orderly Running of the Institution (code 299) most like Threatening Another With Bodily Harm or Any Other Offense (Attempting/Planning) (code 203A); Fighting With Another Person (Attempting/Planning) (code 201); and Assaulting Any Person (Attempting/ Planning) (code 224). Specifically, you contend the change in the offense code was inappropriate and that witnesses favorable to your case were not permitted. You request expungement of the incident report.

Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.

The DHO provided, in Section V of the DHO report, a comprehensive description of the specific evidence relied upon to support the determination that you committed the prohibited act. Program Statement 5270.07 provides that "the DHO shall find that the inmate either: committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report; or did not commit the prohibited act charged or a similar prohibited act if reflected in the incident report." The description of the incident report contains adequate information to support the DHO's conclusion that you committed a violation of code 299 most like 203A, 201A and 224A. You were advised that the DHO was considering the 299 offense a week prior to the hearing. The DHO reviewed the written statement of each requested witness and determined that since they did not have information directly relevant to the charge, their appearance was not warranted.

During our review, an error was noted in Section V, paragraph 2 of the DHO report, where a reference to code 201 remains when it should have been changed to reflect the revised code 299 offense. This error is being corrected and a replacement page is being forwarded to you.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

March 22, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals