UNITED STATES DISTRICT COURT
DISTRICT OF BOSTON, MASSACHUSETT

OLADAYO OLADOKUN

PETITIONER

CIVIL ACTION NO: 04-40198-RWZ

VS

DAVID L. WINN

RESPONDENT

PETITIONER MOTION OPPOSING RESPONDENTS MOTION TO DISMISS PETITIONER FOR HABEAS CORPUS OR IN THE ALTERNATIVE FOR SUMMARY JUDGEMENT

PETITIONER, ACTING PRO-SE, OLADAYO OLADOKUN WOULD LIKE TO POINT OUT TO THE COURT ADDITIONAL GROUNDS WHY PETITIONER HABEAS CORPUS SHOULD BE GRANTED ON BOTH GROUNDS 1 AND GROUNDS 5.

AS TO GROUNDS 1, PETITIONER'S WAS ISSUED INCIDENT REPORT NO: 1238464 FOR FIGHTING, WHICH WAS ISSUED IN A WAY BY RESPONDENT TO COVER THE FACT OF THERE NEGLIGENCE, WHEN RESPONDENTS KNOWS FOR A FACT THE PETITIONER AND AS WELL AS INMATE EDDO WAS ATTACKED BY SEVERAL INMATES WITH STONES HIDDEN IN THE HOUSING UNIT BY

(1)

It easy for the government and Respondent to now claim that the petitioner Rights were not violated through D.H.O process, because for the Respondent, they are not the ones whom almost gotten their lives taken from them by several inmates, whom hit the petitioner in the head with this Rocks. The petitioner would ask the Respondent what does it have to take for the Respondent to acknowlegde the truth in this case that a crime was committed, or the petitioner had been murder, the Respondent would have still been in denial. Not only was a crime committed by inmates, also by staff member in trying to cover up this incident. The respondent miss the main key of the incident Report that petitioner was charge with, because this so called SIS Survelliance camera verified this incident then there no way a verdict of guilty can be held up in the court of law, because when petitioner when the petitioner was hit in the head without him doing anything to no one automatically made him a victim, and by inmate Eddo preventing deadly blown to the petitioner head, made him a hero AND a victim. BECAUSE PETITIONER WAS lifeless for a minute, from the initial hit to the HEAD. he was blackout. Which mean when petitioner was hit he was vulnerable, and in that instance any one whom woke up from been hit has the petitioner was, as human nature is what hit you and why. The next thing anyone Reaction is safety and protect yourself. The option wasn't many when there was no officer, in the most vulenrable position lock in the unit approximately 142 inmates trying to take your life. Only the stroke of luck that petitioner was able to get aide from inmate Eddo. Several inmates told petitioner had inmate Eddo wasn't in the unit that day. The outcome would have been different, Inmate Eddo put himself in harm way by Running in the middle of the inmate to prevent the final the deadly blow to the petitioner head. Perhaps that final

(4)

blow would have killed the petitioner. The Respondent would still stand on this same position that we are now at with the court, the Respondent would in fact have engage in cover-ups to the actual fact in this case, so for the government and Respondent to say petitioner is guilty of any code or Code 299 and disallow 27 days for this incident is a slap in the face of the petitioner and it is a slap to the face to seek justice. Then, to add insult upon injury, the respondent fail to correct numerous of negligence, instead engage in cover-ups from the witnesses denial, failure to secure the housing Unit with an officer to be present at all time is a lack of security on the Respondent party, not given the petitioner impartial hearing, destroying or Misplacing Medical Records, using confidential informant whom was also involve in the incident, meaning one of the assailant, to put in false information in the Dillo report claim the petitioner cannot provide additional witnesses to Refute the New Change Charges to Code (299) is an example of abuse of power and government position in this particular case by Respondent and Disciplinary hearing officer. Therefore for this reason in this motion this court should find that there was serious constitutional violations that occur before the hearing and during this hearing by Respondent in that the stage was pre-set to find the petitioner guilty of something other than fighting because it would be hard for respondent to explain Later on that how can one inmate fight eight inmates. So the Respondent in turn came with (Code 299) after numerous of complain by petitioner. This motion should be granted in the interest of Justice for various of Reason that Respondent are not above the law, why because there is significant hardship that petitioner would and have endure in the constitution violation that has taken

(5)

race and the attempt murder on the petitioner life, then for the petitioner to educe, that his 27 day goodtime was disallowed for been a mere victim, then not to include the fact that petitioner would have to do an addition 27 day imprisonment for a victim of a gang assault. The petitioner has show the atypical and significant hardship that he will endure by been imprisoned an additional 27 days. Even one day is atypical and significant hardship to the petitioner, that extra time imprisoned illegal by Respondent. The Petitioner has the liberty interest to be free from cruel and unusual punishment by been imprisoned longer by violating the Sixth Amendment Right at the begining stage of this incident and at the crucial point of the hearing was not just and impartial because was deined witnesses to Refute the said (299) Code, due to the C.F.L is law which was enact by congress, was violated in this case.

In Regred to Grand 5, the petitioner would like to point out another issue that the Respondent have amiss this particular incident Report No. 1261968, was served on the Petitioner on Sept 15, 2004, the petitioner see the Unit Team for UDC hearing utill Sept 20, 2004 to be served with the incident Report. The problem here petitioner hope that the court do not allow the government and Respondent cloud the fact according to there own policy under 28 C.F.R 541.15(b) because this incident report was served over three working days, secondly, you has the acused must be given a written notice well before the grace period between third day of this incident report before the firfith day is over. In this case it was over five day by 2 hrs and some minutes. The respondent disregred of there own policy by drying to serve petitioner with an invalid extension warranting additional time by the policy. They fail to secure a sign

(6)

extension from the warden that justify the delay, which is a violation of the program statement under 5270.07. <u>Inmate Discipline</u>. This policy Regarding incident report given the UDC committee time to get a signed extension from the warden with the three to five days, working days. In the case at bar, this form was not signed by the warden period. authorizing an extension. This form was sign by Counselor Laekin which made it invalid. If the court look at the incident Report attached to this motion Code 307, Code 398 was served in Column (15) was served Sept 15, 2004 in Column (16) at exactly 12:35 pm in the afternoon. Then if the court go down to Column (21) the incident report was served on Sept 20, 2004 at 2:55pm. This that this incident report is over five day by 2hrs and 15 minutes. So therefore this incident report that dissallowed 7 day is in violation of the petitioner Rights and the policy when the Unit Team fail to secure a signed extension by the warden according to the policy. Which clearly states the must got an extension from the warden. Therefore, for this foregoing reason the petition contends that his rights to this disallowed goodtime was violated and should be restored in the interest of justice. The petitioner did not receive a copy of any signed extension from the warden that justify the delay to proceed with this incident report. See Attached (Exhibit A)

In closing, the petitioner prays that the court grant his motion to restored petitioner disallowed 34 day in the interest of Justice. That if the court look real hard at this overall incident, Will show had respondent secure the housing Units with a competent officer, the petitioner would have not been assaulted with rocks, nor would petitioner be trying to

(7)

to secure his life by any means. Instead this Housing Unit was left unattend and was locked up. So There is no way petitioner could seek safety or assistance from staff member be the unit was secured and unattended by any of the Prespondent. So for the Respondent to put the blame on the petitioner, show the petitioner, the court the Respondent are not Take full responsibility of the negligence, had an officer been present at his/her post in the Unit, he/she could have prevented any bureau of prison violation and any federal crime that was committed on this very day. Instead a whole unit of 150 inmates was left unattended by respondent. For this aforemention Petitioner Prays his goodtime be restored in the interest of justice by doing so would send a strong message That justice was served in this case. Plus Respondent can't turns blind eyes to The Truth and if the court grant the petitioner motion would be allowed to Rejoins his family on MARCH 22, 2006 in society if in fact the Court ORder the Restoration of The 34 days of petitioner goodtime

FEB 8, 2006

Respectfully Submitted
Oladayo Oladokun
Pro- Se
P.O Box 90043
PETERSBURG, VA, 23804

ADVISEMENT OF INCIDENT REPORT DELAY(S)

NAME: OLADOKUN, OLADAYO                    REGISTER NO. 21480-037

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, and reason(s) for an incident report delay which would result in the occurring of the Unit Disciplinary Committee Hearing (UDC) beyond 3 working days following the time that staff became aware of the inmate's involvement in the incident, then, the delay should be documented in the Discipline Record and the inmate should be advised.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING ON INCIDENT REPORT NUMBER:

1261968           FOR THE CHARGE(S) OF: 307, 398   HAS BEEN DELAYED FOR THE FOLLOWING REASON(S):

UDC hearing delayed due to shortage of staff.

S. Larkin     S. Larkin Correctional Counselor     9/20/04
STAFF MEMBER / TITLE                               DATE

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, you are hereby notified of the delay of your hearing beyond 5 working days. The delay has occurred for the following reasons(s):

[redacted]

cc:   Inmate
      Discipline Packet

Exhibit A/ p. 22

U.S. Department of Justice
Federal Bureau of Prisons

Incident Report

## PART I - INCIDENT REPORT

**1. NAME OF INSTITUTION**
FMC Devens

**2. NAME OF INMATE:** OLADOKUN, OLADAYO
**3. REGISTER NUMBER:** 21480-037
**4. DATE OF INCIDENT:** Sept 14, 2004
**5. TIME:** 20:30

**6. PLACE OF INCIDENT:** Range 2, ZA unit, Cell 219
**7. ASSIGNMENT:** ZA 219U
**8. UNIT:** ZA

**9. INCIDENT:** Refusing to obey an order of any staff member
Interfering with a staff member in the performance of duties
**10. CODE:** 307 / 398

**11. DESCRIPTION OF INCIDENT** (Date: 9/14/04 Time: 2030 Staff became aware of incident)

On the above stated date at the approximate time of 20:30 I informed the above inmate to summit to hand restraints so I could secure his cell mate Valentine 10930-058 in the cell. Oladokun 21480-037 refused. I gave inmate Oladokun a direct order to summit to restraints and he proceeded to refuse. I notified the Operations Lieutenant and he proceed to SHU. Operations Lt. Vasquez gave Oladokun an direct order to comply. Oladokun 21480-037 complied with the Lt. and Valentine was secured by 20:50. EOR.

**12. SIGNATURE OF REPORTING EMPLOYEE:** [signature]
**DATE AND TIME:** Sept 14, 2004 2050
**13. NAME AND TITLE (Printed):** P. Davis, Correctional Officer

**14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY:** P. Lipps / [signature] Act. Lt.
**15. DATE INCIDENT REPORT DELIVERED:** [redacted]
**16. TIME INCIDENT REPORT DELIVERED:** [redacted]

## PART II - COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

Inmate stated "They did not tell me to cuff up. They told me to back up. I didn't want to back up. Lt Vasquez came and talked to me and they placed Im Valentine in my cell. I did tell them that I did not want Valentine as a cellmate because he is mentally unstable."

**18. A.** IT IS THE FINDING OF THE COMMITTEE THAT YOU:
___ COMMITTED THE FOLLOWING PROHIBITED ACT.
___ DID NOT COMMIT A PROHIBITED ACT.

**B.** ✓ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
**C.** ___ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Based on the fact that Inmate Oladokun has suspended sanctions the UDC refers disposition to the DHO. Seriousness of the charges the udc refers d.spos.tn

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

The udc recommends executing suspended sanctions from report #1252655, 30 days d/s, 90 days loss of visiting.

**21. DATE AND TIME OF ACTION** [redacted] (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

S. Larkin [signature]          D. Russingh [signature]
Chairman (Typed Name/Signature)   Member (Typed Name)   Member (Typed Name)

Original - Central File Record   Blue - To Inmate after UDC Action
Yellow - DHO                     Pink - To Inmate within 24 hours of Part I preparation    Previous editions not usable    BP-288(52) JANUARY 1988

Exhibit A/ p. 19

PART III – INVESTIGATION | 22. DATE AND TIME INVESTI- 09-15-04 / 12:35P.M.

**23. INMATE ADVISED OF RIGHT TO REMAIN SILENT:** YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENCE MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOUR SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY __Paul Lyons__ AT (DATE/TIME) __09-15-04 / 12:35P.M.__

**24. INMATE STATEMENT AND ATTITUDE**

Inmate Oladokun # 21480-037, was advised of his rights, and stated, "Yes" he understood them. Inmate Oladokun received his copy of the incident report on the date stated above. Inmate Oladokun stated, "I wasn't asked to "cuff up", they wanted me to move back so I/M Valentine #10930-058, could be put in the cell." "I did not want that man in my cell." This investigator then asked Oladokun, "Why he feels he has the right to pick and choose whom will or will not go into his cell?" Oladokun stated, "I do not want him as my cell mate PERIOD !" Oladokun's attitude was agitated during my investigation.

**25. OTHER FACTS ABOUT THE INCIDENT, STATEMENTS OF THOSE PERSONS PRESENT AT SCENE, DISPOSITION OF EVIDENCE, ETC.)**

There wasn't any additional documentation submitted with the incident report. Oladokun didn't request any witnesses.

**26. INVESTIGATOR'S COMMENTS AND CONCLUSIONS**

Based on the facts presented in section 11, Description of incident, Oladokun's admission of wanting I/M Valentine in his cell, it is the belief of this investigator that the incident report supports the charges, and is true and correct as written.

**27. ACTION TAKEN**

Inmate Oladokun is to remain in his present assignment, housed in the Special Housing Unit, further action is remanded to the UDC.

DATE AND TIME INVESTIGATION COMPLETED: _____

PRINTED NAME/SIGNATURE OF INVESTIGATOR:

Paul Lyons
PRINTED NAME
Acting Lieutenant
TITLE