UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40198-RWZ

OLADAYO OLADUKUN

v.

DAVID L. WINN

MEMORANDUM OF DECISION

May 25, 2006

ZOBEL, D.J.

Petitioner Oladayo Oladukun, formerly incarcerated at Federal Medical Center Devens ("FMC Devens"), alleged five grounds for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Respondent David L. Winn, the Warden at FMC Devens, successfully moved for the dismissal of grounds 2, 3 and 4 on the basis of non-exhaustion. Petitioner amended the Complaint to include only the remaining grounds 1 and 5. Respondent does not challenge petitioner's exhaustion of these grounds but, instead, now moves for dismissal of both on the merits or, in the alternative, summary judgment.

The first ground involves Incident Report Number 1238464 and petitioner's loss of 27 days of good-time credit as a result of his alleged involvement with a gang assault in the prison. Respondent initially charged petitioner with violating Bureau of Prisons ("BOP") Code 201 that sanctions "[f]ighting with another person." 28 C.F.R. § 541.13.

---

[1] Since the filing of this action, petitioner has been transferred to FCI Petersburg in Virginia. However, as the petition was properly filed in this district, this Court retains jurisdiction to decide the pending motions as well as the merits of the case.

Before the hearing, respondent also accused petitioner of wielding a mop-wringer and, thus, also charged him with violating BOP Code 299 that prohibits "[c]onduct which disrupts or interferes with the security or orderly running of the institution or the [BOP]. (Conduct must be of the High Severity nature.) This charge is to be used only when another charge of high severity is not applicable." Id. According to petitioner, however, he learned of the new charge for Code 299 only on the day of hearing, and respondent refused to permit him to call new witnesses to refute the added charge. Although respondent asserts that "[p]etitioner was provided with advance written notice of the charges against him at least 24 hours prior to the [Discipline Hearing Officer] hearings," the document cited to support this claim reflects, at best, only a verbal discussion with petitioner. (Resp.'s Mem. in Support of Mot. to Dismiss 15 and Document 1R to Ex. A). With respect to witnesses, respondent argues that the Discipline Hearing Officer ("DHO") asked petitioner if his requested witnesses would be able to testify that he did not hold the mop-wringer and petitioner said no. Respondent fails to clarify that the witnesses in question were those identified by petitioner a month before the hearing to offer evidence on Code 201 regarding fighting, not Code 299. Nothing indicates that petitioner received an opportunity to identify new witnesses.

"[W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly

hazardous to institutional safety or correctional goals." Id. at 566.  The record contains no support for respondent's assertion that petitioner received advance written notice of the newly added Code 299 charge that he was eventually found guilty of violating. Furthermore, respondent offers no explanation for why petitioner was not provided an opportunity to call witnesses with respect to the alleged Code 299 violation. Respondent correctly contends that the quantum of evidence needed to support a disciplinary finding is only "some evidence," but this threshold neither eliminates nor mitigates the process requirements.  Superintendent, Mass. Correctional Instit., Walpole v. Hill, 472 U.S. 445, 454-56 (1985).  Accordingly, respondent's Motion to Dismiss and/or for Summary Judgment is denied as to petitioner's first ground for habeas relief.

Ground 5 for habeas relief concerns Incident Report Number 1261968 and Remedy Request Case Number 356361-R1 which resulted in petitioner's loss of 7 days of good-time credit.  According to petitioner, the hearing held for this incident did not commence until 2 hours and 35 minutes past the regulatory deadline.  The regulation entitles petitioner to an initial hearing "within three work days from the time staff became aware of the inmate's involvement in the incident.  This three work-day period excludes the day [on which] staff became aware of the inmate's involvement in the incident, weekends, and holidays."  28 C.F.R. § 541.15(b).  The incident in question occurred on September 14, 2004.   (Resp.'s Mem. in Support of Mot. to Dismiss Document 1B to Ex. A).  Staff became aware of the incident and drafted a report the following day, a Friday, and held the initial hearing on September 20, a Wednesday.

(See id. at Document 1B and 1D to Ex. A). Because the regulation excludes weekends, the hearing occurred three days after the report. Petitioner offers no legal authority to support his interpretation of the regulation, especially in light of respondent's provision of advance written notification that the hearing may in fact be delayed for a legitimate reason. (See id. at Document 1C to Ex. A). The Motion to Dismiss and/or for Summary Judgment is allowed as to Ground 5.

Accordingly, respondent's Motion to Dismiss and/or for Summary Judgment is denied as to Ground 1 and is allowed as to Ground 5.

|   |   |
|---|---|
| 5/25/06 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |